## MOORE v. CAIRO AND FULTON RAILROAD COMPANY.

1. PRACTICE IN SUPREME COURT: *Depositions: Bill of exceptions.*
   Depositions not incorporated in the bill of exceptions will not be noticed by the supreme court, though certified by the clerk to be true copies of the papers used upon the trial.

2.  EQUITY JURISDICTION:. *To cancel satisfaction of judgment.*
A court of equity has jurisdiction to vacate a compromise and satisfaction
. of a judgment made by the plaintiff's attorney without his authority.


APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.


*R. A. Howard, P. C. Dooley,* for appellants:
Motion to set aside entry of satisfaction of the judgment,
proper practice.   *Gantt's Digest, sec.* 3634; 2 *Nash Pl. and
Pr.*, 111; *Herm. on Ex.,* 466, *sec.* 284 ; 14 *Ohio St.,* 464; 8 *Mo.,*
370.

Attorney has no power to compromise a judgment.   12
*Ark.,* 555–7 ; *Freem. on Judg., sec.* 463, *and cases cited.* Au-
thority must be shown.  *Ib.,* 463; 27 *Texas,* 574; 2 *How. Pr.,*
244.  Ratification must be with full knowledge of the facts.
2 *Green. on Ev., sec.* 66 ; 3 *Pet.,* 81 ; 9 *ib.,* 607, 629 ; 8 *Gill &
Johns.,* 248, 323; 7 *Hill (N. Y.),* 128; 6 *Pick.,* 198; 27 *Wis.,*
135; 23 *Ill.,* 470; 9 *B. Mon.,* 413; 12 *Allen,* 487 ; 1 *E. D.
Smith,* 175; 32 *Penn. St.,* 346; and the act requiring rati-
fication must have been done for the principal and not for
the attorney himself.  *Story on Agency, sec.* 251, *a;* 7 *Robt.
(N. Y.),* 623; 18 *Texas,* 825; 6 *Man. & Gr.,* 236.  See also
*Story on Agency, secs.* 436, 224; 10 *Pet.,* 568; 17 *Mass.,* 109 ;
4 *Biss.,* 395; 11 *How. Pr.,* 100.  Monroe received nothing
to which he was not entitled.  2 *Parsons Cont.,* 686 ; *ib.,*
618–19–20; 5 *Rep.,* 117 ; 2 *Metc.,* 283 ; 3 *Hawk.,* 580 ; 20
*Conn.,* 559; 12 *Ark.,* 154; 1 *N. J.,* 391 ; 3 *J. J. Marsh,* 196,
894–23.  Taking smaller sum no discharge of a larger.   14
*Ohio St.,* 464; 14 *B. Mon.,* 451; 27 *Me.,* 370, 378, 362; 20
*Conn.,* 559; 1 *Hilton (N. Y.),* 175; 2 *Wash. C. C.,* 180, 184;
13 *John.,* 353; 17 *ib.,* 169 ; 5 *ib.,* 268 ; 2 *ib.,* 448; 9 *Johns.,*
333, 263 ; 6 *Cush.,* 150; 10 *Ired.,* 320; 21 *Vt.,* 223, 234; 13
*Ala.,* 232; 15 *ib.,* 700; 1 *Metc. (Mass.),* 276 ; 42 *Me.,* 44; 2

---

Moore v. Cairo and Fulton Railroad Company.

---

*Strath.*, 202; 7 *Md.*, 108; 8 *ib.*, 115; 5 *Gill*, 190; 6 *ib.*, 218; 20 *Ill.*, 575; *Taylor's Sup. to Hill & Denio* (*N. Y.*), 59; 4 *Gill & J. (Md.)*, 305; 4 *Paige*, 305; 4 *B. Mon.*, 451; 54 *Barb.*, 179; 27 *Cal.*, 611; 3 *N. H.*, 518; 11 *Vt.*, 60; 26 *Me.*, 88; 10 *Ad. & El.*, 121; 5 *John.*, 386; 9 *John.*, 333; 17 *ib.*, 169; 11 *How. Pr.*, 100; 8 *Mo.*, 367; 1 *Strange*, 426; 5 *East.*, 230.

The judgment is a final determination fixing the debt. 29 *Ark.*, 83; 2 *ib.*, 60; 1 *ib.*, 148–9; 3 *Blackstone*, 398.

Reception of part of the money no ratification. 28 *Ill.*, 135; 36 *N. Y.*, 79, 61. Not good when based on mistaken representations of an honest agent. 15 *La. Ann.*, 268. Person dealing with agent must know his powers. 4 *Sneed*, 398; *Laler's Sup.*, 147, 152; 18 *Johns.*, 363.

*J. M. Moore*, for appellee :

Dismissal of appeal and reception of the money was a ratification. 29 *Ark.*, 29; 28 *ib.*, 59; *Story on Agency*, sec. 255, 255 *a;* 9 *Wharton on Agency*, sec. 85, *et seq.*

Offer to restore money too late. The appeal had been lost. 19 *Pick.*, 300.

Entry of satisfaction is part of the record. *Gantt's Digest*, secs. 3630–2. Can not be impeached collaterally or by summary proceeding. 21 *Ark.*, 117, 293.

Bill of exceptions not full. 7 *Ark.*, 108; 8 *ib.*, 429; 17 *ib.*, 331; 28 *ib.*, 1.


EAKIN, J. Appellant had recovered, in the Pulaski circuit court, a judgment against appellee for $10,500, April 11, 1874.

In June, 1877, he applied, by motion to the court, to have vacated an entry on the margin of the record, as follows:

" This judgment satisfied in full, except costs, July 18, 1877.                        JOHN WOOD, *Plaintiff's Attorney.*"

He states, in his motion, that the judgment has not been

paid, but is still valid; that his attorney had no authority
to compromise the suit, or make said entry; that he, him-
self, knew nothing of it, or of the circumstances under
which it was made, until some time afterwards; that he
never ratified, nor acquiesced in it; but upon finding it out,
and understanding its import, did all in his power to have
it canceled.

He says that his attorney, with his associate counsel,
owned half the judgment, and that he, himself, had re-
ceived upon it $1,250, upon account, but not in satisfac-
tion; that he received it through his attorney, who did not
advise him that it was received on the judgment; that there
is due him individually on the judgment $4,000, for which
the clerk refuses to issue execution, and defendant refuses
to pay.

Defendant answered, showing that when the judgment
was rendered, it saved exceptions by bill duly signed and
sealed; appealed to the supreme court; and gave a *super-
sedeas* bond. Pending the appeal it accepted a proposition,
made through the attorney, to dismiss the appeal, and pay
$2,500 and costs of the circuit court, in full satisfaction.

This, it says, was all done, and the entry of satisfaction
made accordingly, by authority of plaintiff at the time,
which he has since ratified.

This issue was tried by the court, which denied the ap-
plication to vacate the entry. Whereupon, the plaintiff
asked leave to tender in open court for the benefit of said
railroad company said sum of $1,250, with interest, which
the court refused to allow. A motion for a new trial was
overruled, and plaintiff appealed.

The bill of exceptions embodies the testimony of the
plaintiff and several others, tending to show that the com-
promise was made without his knowledge, or subsequent
assent, and to explain the delay in seeking to have the en-

1. DEPOSI-
TIONS:
  Must be
in bill of
exceptions.

try corrected after discovery. It fails to show on his part any offer to restore the money received by him on the judgment.

It states that the defendant read the testimony of the attorney, John W. Wood, taken before M. B. Trezevant, a notary public, at Memphis, Tenn., on the twenty-ninth day of January, 1878, but the evidence is not copied in the bill, nor is there any reference to it by way of identification.

It states that the defendant offered in evidence the transcript of the proceedings of the Pulaski circuit court, in the case of *Frank Moore v. The Cairo and Fulton Railroad Company*, filed in the supreme court on the third day of July, 1874, but the transcript is not embodied in the bill, nor referred to, otherwise than by the words " (see transcript)" in parenthesis. Other evidence was properly set forth, and the bill purports to contain all the evidence offered. It properly sets forth the tender, and refers to the motion for a new trial on a page of the transcript. It may be found by searching in the transcript itself. The bill is then duly signed and made a part of the record, and the certificate of the clerk follows, to the effect that the foregoing is a full copy of the record and papers in the cause.

Then follow, attached to the transcript here filed, copies of what purport to be the deposition and exhibits thereto of John W. Wood, taken before M. B. Trezevant, notary public, in Shelby county, Tennessee, on the twenty-ninth of January, 1878, with a certificate of the circuit clerk, under his seal attached thereto, to the effect that the foregoing —— pages contain a true copy of the records and papers of said court in the cause.

We can notice nothing here but the record proper, which, in law proceedings, consists of the pleadings, orders

and other proceedings of the court required by law to be entered of record. A bill of exceptions properly signed may be made also a part of the record, and its office is to embody and bring to the notice of an appellate tribunal matter which it could not otherwise notice. This court can only reverse or modify a judgment for an error *appearing in the record*.

All is not matter of record which is attached to or incorporated with the written transcript filed here, however well authenticated the documents' may' be, for their use in the court below, even if certified by the clerk to be true copies of papers used in the case and lying amongst his files. This court has repeatedly refused to allow this to be done by consent of all parties, and has been always reluctant ·and cautious in acting upon the admissions of attorneys. It is obvious that if the rule of looking to the record alone is not adhered to with a rigidity which may, in most cases, seem technical, precedents would be made for original jurisdiction, and for hearing cases here under a different aspect from that presented below. A clerk's certificate that papers were used in the court below, does not make them a part of the record.

The bill of exceptions, proper, in this case, bears upon its face evidence that it does *not* contain all the evidence, although it purports to do so. The merits of the case depended on facts, as to which, for want of all the evidence, we can not say that the circuit judge erred in his findings. For the reason, also, that they depend upon evidence, we forbear to discuss the points of law raised by counsel in their briefs.

Nor is it necessary to determine whether a controversy like this can be properly entertained by a court of law, on summary motion, and decided upon affidavits.

2. EQUITY JURISDIC-TION: To cancel satisfaction of judgment. Courts of equity can certainly give adequate relief, and a proceeding by bill, answer and depositions is, without any question, the better course, whether conclusive or not. The appellant's motion was refused upon grounds which we decline to question, and the same result would have been proper if the court had no jurisdiction. The question is not important to be now decided.

Affirm the judgment.