MOORE *v.* STATE.

Opinion delivered May 28, 1898.

APPEAL—STENOGRAPHER'S NOTES—BILL OF EXCEPTIONS.—The act of March 16, 1897, required the official stenographer to report all oral proceedings, and provided that his transcribed notes should be taken as a part of the transcript, and that "either party demanding a bill of exceptions shall be charged" a specified fee therefor. *Held*, that the stenographer's notes can be made available on appeal only by being made a part of the bill of exceptions. (Page 332.)

Appeal from Lawrence Circuit Court, Western District.

RICHARD H. POWELL, Judge.

*Ed. Moore, pro se.*

The verdict is wholly unsupported by the evidence, and should be set aside. The stenographer's report contains all the evidence, and it is sufficient for the purpose. Acts Ark. (1897) 64–65.

*E. B. Kinsworthy*, attorney general, for state.

This court will not reverse a judgment for lack of evidence to support the verdict, unless there is an entire absence of it. 43 Ark. 317; 18 Ark. 303; 43 Ark. 367; 51 Ark. 115; 47 Ark. 567. The certified copy of the stenographer's notes can not take the place of a bill of exceptions. Acts 1897, pp. 64-66; 55 Wis. 682. The trial judge must sign the bill of exceptions. 114 Ind. 340; 132 Ind. 260; 111 Ind. 384; 161 Pa. St. 320; 12 Ind. 560; 108 Ind. 387; 154 Pa. St. 587; 17 Pac. 561; 37 Ark. 370. There being no bill of exceptions, this court cannot consider the sufficiency of the evidence. 45 Ark. 143; 41 Ark. 225; 47 Ark. 230.

BATTLE, J. Ed Moore was accused and convicted of burglary in the circuit court of the western district of Lawrence county; and has brought to this court, by writ of error, the record and proceedings in the prosecution against him. He asks for a reversal of the judgment rendered upon his conviction, because, he says, the evidence adduced at his trial was insufficient to sustain a verdict of guilty. This is the only error of which he complains. To show what evidence was ad-

duced, he brings here a report of the same, as made out and
filed by the stenographer of the court.   No bill of exceptions
was filed.   Can we act upon the stenographer's report?

The act entitled, "An act for the appointment of a court
stenographer," approved March 16, 1897, authorizes the judge
of each judicial circuit of the state to appoint a competent
official stenographer for his circuit, and, when appointed, makes
him an officer of the court.   His duties, as defined by the act,
are as follows:

·"Sec. 2.   The duty of the stenographer shall be to attend
all terms of the circuit court held within and for the circuit for
which he is appointed, and he shall, when so requested by
either party, make a stenographic report of all *oral* proceedings
had in such court, including the testimony of witnesses with
the questions to them, *verbatim*, the oral instructions of the
court, and any further proceedings or matter, when directed by
the presiding judge or upon the request of counsel so do to,
and whenever during the progress of the cause any question
arises as to the admissibility or rejection of evidence or any
other matter causing an argument to the court, such argument
shall not be recorded by the stenographer unless requested by
the counsel in said cause, but he shall briefly note the objection
made and the ruling thereon and any exception taken by either
party or his counsel to such ruling.

"Sec. 3.   It shall be the duty of such stenographer to
furnish within twelve days from the conclusion of the trial
thereof, or from the time of the demand, if made after the trial,
a longhand or typewritten copy of the proceedings so taken in
shorthand with a caption showing the style of the case, its
number, the court in which it was tried, and when tried, and
sign, certify and file the same in the office of the clerk of the
court in which the case was tried."

Section six of the act provides that "either party demand-
ing a bill of exceptions shall be charged at the rate of five cents
per each one hundred words transcribed by the stenographer,
the same to be charged by the clerk and collected by the sheriff
as costs in the case and paid into the county treasury," etc.

And section eight provides: "The transcribed notes of
the stenographer mentioned in section six of this act shall be

taken as a part of the transcript, and no clerk shall make any additional charge for same other than the five cents per hundred words mentioned in section six of this act."

The act does not dispense with or make unnecessary a bill of exceptions in any case wherein it was required before its enactment, but, on the contrary, provides that "either party demanding a bill of exceptions shall be charged at the rate of five cents per each one hundred words transcribed by the stenographer," thereby implying that it is to be made a part of the bill of exceptions. Section eight provides that it shall be taken as a part of the transcript filed in this court. So it is necessary for a party, in order to make it a part of his bill of exceptions, to state therein that such a report was filed; and he may, or may not, as he sees fit, direct the clerk where to incorporate the same when he makes the transcript to be filed in this court, as by saying at the proper place in the bill of exceptions, "Here the clerk will insert the stenographer's report," or by using words of similar import. In either case he should further state that it contains all the evidence adduced at the trial, and if not all, state the evidence it does not contain. The clerk should not copy the report, but insert it in the transcript according to such directions, or, if no such directions be given, place it in the transcript in a suitable place.

It is necessary that the report should be brought here in the manner indicated, for the stenographer is required to report so much of the evidence as is oral, and no other. Whenever it is necessary to bring the evidence on record in cases other than equitable actions, it should be shown that all of it has been set out, and this could not be done by a stenographer's report; for it is not evidence of that fact, because the stenographer is not authorized nor required to report written, record or documentary evidence. The same is true as to written instructions. Then, too, the trial court should protect itself and the parties concerned against a false or imperfect report of the evidence and instructions, and the most appropriate means provided for that purpose is a bill of exceptions. Hence, as the stenographer's report is not sufficient to perform the office of a bill of exceptions in respect to the evidence or instructions, it is obvious that it was never intended to do so, and can be made available

only by being made a part of the bill of exceptions in the manner indicated.

Judgment affirmed.