### DOZIER v. GRAYSON-McLEOD LUMBER COMPANY.

#### Opinion delivered October 9, 1911.

APPEAL AND ERROR—SUFFICIENCY OF BILL OF EXCEPTIONS.—Where a bill of exceptions recited: "The following testimony was introduced before the court and jury, which was all the evidence introduced by either party (insert testimony)," meaning that the clerk should insert the official stenographer's notes of the testimony, and the certificate of the stenographer shows that the testimony was subsequently transcribed, and it does not appear that the transcribed testimony was ever presented to the circuit judge for examination, it did not become a part of the bill of exceptions, and cannot be considered on appeal.

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Hardage & Wilson,* for appellant.

*John H. Crawford,* for appellee.

Where a skeleton bill of exceptions containing a direction to "insert testimony" without further identification of the testimony to be inserted, shows on its face that it was signed by the trial judge ten days before the stenographer's transcript of the evidence was filed with the clerk, it is patent that the

stenographer's transcript was not presented to the judge with the skeleton bill, and was not approved by him as the evidence adduced at the trial. There is in such case no complete transcript for the appellate court to consider. 25 Ark. 503; 45 Ark. 485, 489; 46 Ark. 482.

FRAUENTHAL, J. This was an action instituted by appellant to recover certain commissions on a sale of land which, as a real estate broker, he alleged he had procured for the appellee. The case was tried by a jury, and after the introduction of all the testimony the court directed a verdict in favor of the appellee. It is contended by the appellant that there was sufficient evidence adduced at the trial to have sustained a verdict in his favor, had one been returned. The determination of the question presented upon this appeal necessitates, therefore, an examination of the testimony which was introduced at the trial. Such testimony must be properly a part of the record of the case before it can be reviewed upon appeal; and it can only be made a part of the record by being properly incorporated in the bill of exceptions. It is contended by counsel for appellee that the testimony introduced at the trial was not made a part of the bill of exceptions, and, on this account, matters arising for determination growing out of such testimony cannot be reviewed on this appeal.

It appears that the testimony introduced at the trial was taken by the official stenographer and, after the trial, was transcribed by him. In the transcript of the case, filed by the appellant when this appeal was perfected, the testimony so transcribed by the stenographer was set forth. In return to a writ of certiorari, however, the clerk certified a copy of the bill of exceptions as it actually was when it was allowed and signed by the circuit judge and as it still exists as part of the record of this case in that court. It was a skeleton bill of exceptions, and, after the formal parts, it proceeds as follows: "The following testimony was introduced before the court and jury, which was all the evidence introduced by either party ("Insert testimony"). The bill was allowed and signed by the circuit judge on March 21, 1911, and then duly filed, and from the clerk's certificate it appears that at that time there was no testimony incorporated in or attached to it or in any manner referred to except as shown above in the bill

itself. The certificate of the official stenographer to the testimony transcribed by him is dated March 31, 1911, and presumably it was not transcribed before that date from his stenographic notes. It does not appear that this transcribed testimony was ever presented to the circuit judge for his examination, or that it was ever approved by him as the testimony that was actually adduced at the trial of the case.

The bill of exceptions is the vehicle by which the matters which are not incorporated in the actual record of the court are made a part of its record. Like any portion of the actual record, these matters must be passed upon and approved by the court or the judge before they can become a part of the record and possess that verity which is accorded to a record. It is provided by our Code of Procedure that in making a bill of exceptions "the party excepting must reduce his exceptions to writing and present it to the judge for his allowance and signature. * * * If true, it shall be the duty of the judge to allow and sign it. If the writing is not true, the judge shall correct it or suggest the correction to be made, and, when corrected, sign it." (Kirby's Digest, § 6225). Before the bill of exceptions receives the signature of the judge, it must be allowed by him, and this means that it must be approved by the judge after an examination thereof and a finding by him that it is correct. The bill should be complete when it receives the signature of the judge, so that there is no further discretion relative thereto. "It must be its own evidence of all it contains."

In the case of the *St. Louis, Iron Mountain & Southern Railway Company* v. *Godby*, 45 Ark. 485, the rule for the identification of all matters not actually incorporated in the bill of exceptions, adopted by this court and uniformly followed, is as follows: "If a paper which is to constitute a part of a bill of exceptions is not incorporated in the body of the bill, it must be annexed to it or so marked by letter, number or other means of identification mentioned in the bill as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions." See *Lesser* v. *Banks*, 46 Ark. 482. This rule has in nowise been changed by the cases of *Young* v. *Gaut*, 69 Ark. 114, and *St. Louis, Iron Mountain & Southern Railway Company* v. *Buckner*, 89 Ark. 58. In these latter

cases the matters allowed as a ·part of the bill of exceptions were first approved by the trial judge, and were thereupon attached to the bill at the time of the allowance and signing thereof by the judge. It was in those cases only held that those matters were sufficiently approved and identified so as to leave no doubt that they were referred to in the bill as a part thereof. Nor has this rule been changed or affected by the provisions of our statutes appointing official stenographers of courts and prescribing that stenographic report be made by them of the oral proceedings of the court. (Kirby's Digest, § 1329 *et seq.*) In the case of *Moore* v. *State*, 65 Ark. 330, it was held that the stenographer's report provided for by this statute could be made available on appeal only by being made a part of the bill of exceptions. The stenographic report of the proceedings of a court is only a modern, progressive mode of securing that which was formerly made by writing same in longhand. The statute did not dispense with the duty imposed upon the judge to examine such report and his discretion to correct the same. Before the testimony thus taken by the official stenographer can properly be made a part of the bill of exceptions, it should be examined by the judge, and he must determine whether or not it is correct. In any event it is imperative that it must be in existence and a part of the bill sufficiently identified at the time the bill is allowed and signed by the judge. The stenographer is but a means of taking and transcribing the oral proceedings; but he has no authority or discretion to determine whether the report so made by him is a true and correct report of such proceedings. It is the duty of the judge, and solely within his judicial discretion, to pass upon its correctness and allow same before it can become a part of the bill of exceptions. The purpose of the above rule relative to identifying calls in the bill is to show without doubt that such calls were actually examined and allowed by the judge. In the bill of exceptions that was actually allowed and signed by the judge in this case, there was no call for the stenographer's report of the testimony which sufficiently identified it. On the contrary, the stenographer's certificate shows that his report was not made on March 21 when the judge actually allowed and signed the bill of exceptions. The report of the stenographer was not really in existence at that

time, and, therefore, could not have been examined and approved by the judge at the time he signed the bill. On this account, the stenographer's report of the testimony did not become a part of the bill of exceptions and can not be considered by us on this appeal. It follows that the judgment which was entered by the lower court in this case must be affirmed.