GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN
OF ARKANSAS *v.* DREHER.

Opinion delivered December 23, 1912.

APPEAL AND ERROR—SUFFICIENCY OF BILL OF EXCEPTIONS.—Where a bill of exceptions contained a direction to the clerk to insert testimony, meaning that the clerk should insert the official stenographer's minutes of the testimony, which was not submitted to the trial judge for approval but was subsequently filed in the clerk's office, such transcribed testimony did not become a part of the record on appeal.

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Carmichael, Brooks & Powers*, for appellant.

*Pettit & Pettit* and *Moore, Smith & Moore*, for appellee.

The judgment should be affirmed.   There is nothing in the record to show what testimony the verdict was based upon nor what testimony the instructions of the court were based upon.   The purported testimony upon which appellant relies and bases its argument is not identified as a part of the record, and is not properly before the court.   100 Ark. 244; 45 Ark. 485; 101 Ark. 555.

HART, J.   Appellee brought this suit against appellant in the circuit court to recover the amount of a beneficiary certificate issued January 6, 1899, to her husband, Nicholas Dreher, deceased.   Appellant filed an answer in which it stated that it had issued the certificate upon an agreement with Nicholas Dreher that the same was issued to him subject to the laws of the order then in force or which might thereafter be adopted.   The answer further states that Nicholas Dreher failed and neglected to pay his dues and assessments for the month of October, 1905, and refused to pay any dues and assessments from and after that time; that he thereby forfeited all rights of a beneficial member, and that he was never reinstated at any subsequent time; that at the time Dreher applied for his benefit certificate there was a law of the order in force to the effect that any member who should enter into the business of selling by retail intoxicating liquors as a beverage should be expelled, and that Dreher in disregard thereof entered into the occupation of selling intoxicating liquors as a beverage about the month of July, 1905, and continued until in October 1905, in the city of Stuttgart, where he resided. Wherefore it was claimed that he had forfeited all rights as a beneficial member of the association prior to the time of his death, and that Christina Dreher, as his wife and beneficiary, was not entitled to recover on the certificate.

The jury found for appellee in the sum of one thousand dollars, the amount named in the certificate, and the case is here on appeal.

The transcript in this case purports to consist of two separately bound packages of paper, both of which appear to have been filed with the clerk of this court on the same day. The first, which is properly the transcript, contains the plead-

ings, a skeleton bill of exceptions, containing the charge of the court, the motion for a new trial, orders and judgment. The only testimony in the skeleton bill of exceptions consists of seven preliminary questions and the answers thereto propounded to Mrs. Christina Dreher, appellee. Then we find a direction as follows: "Clerk here insert testimony."

The case was tried at the November term, 1911, of the Arkansas Circuit Court, and the order overruling the motion for a new trial was made November 7, 1911. In that order it appears that sixty days was allowed appellant in which to file its bill of exceptions. The skeleton bill of exceptions shows that it was approved and signed by the circuit judge on the 6th day of January, 1912, and on the same day was filed in the office of the circuit clerk. What purports to be the testimony consists of one hundred and twenty typewritten pages which was filed in the office of the circuit clerk on February 1, 1912. It does not appear to have been examined, approved or authenticated by the circuit judge.

It is now contended by counsel for appellee that the one hundred and twenty pages of typewritten matter purporting to be the testimony taken at the trial is not properly a part of the bill of exceptions, and is therefore not a part of the record on this appeal.

The grounds upon which appellant seeks to reverse the the judgment can not be reviewed on this appeal without a consideration of the testimony taken at the trial. Therefore it is insisted by counsel for appellee that the judgment should be affirmed. They rely on the case of *Dozier* v. *Grayson-McLeod Lumber Co.*, 100 Ark. 244. There the court held: "Where a bill of exceptions recited: 'The following testimony was introduced before the court and jury, which was all the evidence introduced by either party (insert testimony)' meaning that the clerk should insert the official stenographer's notes of the testimony, and the certificate of the stenographer shows that the testimony was subsequently transcribed, and it does not appear that the transcribed testimony was ever presented to the circuit judge for examination, it did not become a part of the bill of exceptions, and can not be considered on appeal. See, also, *International Order of 12* v. *Jackson*, 101 Ark. 555.

That case is squarely in point. There was no sufficient

call for the testimony in the skeleton bill of exceptions. It is certain that nothing that is not reduced to writing can be embodied in the bill of exceptions by reference to it alone. Any other rule would make the final record of a case as uncertain as the memory or the will of the clerk to whom its final making up might be referred, and would place the rights of parties, who have judgments of record, entirely in the power of the person who eventually makes up the bill of exceptions for this court. In the case at bar the call for the testimony does not identify it, and the one hundred and twenty pages of typewritten matter which purport to be the testimony taken at the trial were not approved by the judge, and were not even filed by the clerk until after the time given for filing the bill of exceptions had elapsed. The reason for the rule is aptly stated by Mr. Justice Brewer in the case of *A. & N. Railroad Co.* v. *Wagner*, 19 Kan. 335, as follows:

"And in this we appropriate the language of the Supreme Court of the United States in the case of *Leftwich* v. *Lecann*, 4 Wall. 187, in which the court says: 'If a paper which is to constitute a part of a bill of exceptions is not incorporated into the body of the bill, it must be annexed to it, or so marked by letter, number, or other means of identification mentioned in the bill, as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions.' And these means of identification must be obvious to all. No mere memorandum, intelligible it may be to a single person, even the clerk, but indicating nothing to any one else, will be sufficient. They must be such that any one going to the record can determine what document is to be inserted, or, after insertion, that the clerk has made no mistake. The record must prove itself, and not the record and the testimony of the clerk. The clerk changes; the record endures. And, long after judge and clerk are both gone, the record, if good, must carry on itself the evidence of its own integrity."

Therefore the judgment will be affirmed.