MULLETT *v.* MORRIS.

Opinion delivered March 15, 1915.

1. BILL OF EXCEPTIONS—TRANSCRIPT OF THE EVIDENCE—DUTY OF COURT
STENOGRAPHER.—The transcript of the evidence and proceedings

taken by the court stenographer in the trial of a cause, required by law to be filed by him with the clerk of the court in which the case was tried, is not a sufficient bill of exceptions, and was never intended to be such by the statute, and it is available upon appeal, only by being made a part of the bill of exceptions.

2. BILL OF EXCEPTIONS—TRANSCRIPT OF THE TESTIMONY—DUTY OF COURT STENOGRAPHER.—The law (Kirby's Digest, § § 1329-1336) does not require the court stenographer to prepare a bill of exceptions in a cause tried, but it requires only that a transcript of the evidence and of certain proceedings be filed with the clerk, without any fee paid the stenographer therefor.

3. BILL OF EXCEPTIONS—CONTRACT WITH COURT STENOGRAPHER—LIABILITY.—A party to an action will be required to pay the court stenographer for a bill of exceptions, prepared by the stenographer, at the direction of the party's attorney, under an agreement that it be paid for at a specified rate per page.

Appeal from Prairie Circuit Court, Southern District; *Eugene Lankford,* Judge; affirmed.

### STATEMENT BY THE COURT.

This suit was brought by appellant to collect $19.20, alleged to have been wrongfully required paid by him to the appellee who was court stenographer, for a transcript of the testimony in the case of *Mullett* v. *Clarendon Electric Light & Ice Co.,* tried in the Monroe circuit court.

It is alleged that the reporter took the notes in shorthand, failed and refused to file a transcript thereof with the clerk of the circuit court as required by law, but instead sent the transcript by express to plaintiff's attorney, C. O. D., and that plaintiff was compelled to pay and did pay said amount, an illegal and extortionate fee in order to take an appeal of the cause.

After payment for the transcript, plaintiff brought the suit and issued a garnishment against the express company.

Defendant after motion to quash the summons and demurrer was overruled answered, denying that he failed or refused to file the transcript of the notes of the testimony with the clerk on plaintiff's demand, that he sent same by express C. O. D. to plaintiff's attorney who was forced to pay the amount claimed to procure their de-

livery and alleged that plaintiff's attorney directed him to make a bill of exceptions, including the written testimony and motion for a new trial, instructions of the court, etc., agreeing at the time to pay therefor. That plaintiff later filed a petition for mandamus in the Monroe circuit court, which granted an order requiring the defendant to file a transcript of the evidence in the cause within a specified time, which he did. That the bill of exceptions sent by express C. O. D. to plaintiff's attorney was in compliance with his contract with said attorney therefor.

The cause was heard in the court of common pleas and judgment rendered for plaintiff and defendant appealed to the circuit court.

It appears from the testimony of Chas. B. Thweatt, the only witness who testified, that he represented the plaintiff, as attorney in a damage suit against the Clarendon Electric Light & Ice Co., tried in the Monroe circuit court, at the April term, 1914. The defendant herein was court stenographer and took notes of the evidence and proceedings at the time. After the case was decided, a motion for a new trial was prepared and overruled and an appeal prayed to the Supreme Court and sixty days given in which to file a bill of exceptions.

Witness said further: "I saw Mr. Morris that same day, and asked him to prepare a bill of exceptions at his earliest convenience and to send same to me and I promised to pay him for it. I made this promise in ignorance of the law. I understood it was necessary in civil suits to pay the stenographer for preparing bills of exceptions. I had never taken the trouble to investigate the law and did not know at the time it was his duty to file a typewritten copy of the evidence without charge." About two weeks afterward witness had a controversy with the stenographer about his claim for preparing bill of exceptions in a criminal case. The stenographer demanded a hundred dollars and the attorney looked up the law and went to try to induce him to give up the bill of exceptions without pay. Upon his refusal to do so, after quite a controversy, witness told him he would file

a petition for mandamus in that and the Mullett case to require him to file a transcript of the testimony without charge, that the petition for mandamus was filed in the criminal case and the stenographer delivered the bill of exceptions without a contest, and he said, ''What are you going to do about the civil suit?'' I said, ''Oh, I don't know, I may pay you for that.''

I told him positively at the time I did not care to have him prepare a bill of exceptions if he would comply with the law and file the transcript of the testimony. I preferred to arrange and prepare the bill myself, and there was never at any time a separate agreement to both file the transcript as required and to also prepare a bill of exceptions.

I told him I would expect him to comply with the law. He insisted that he was entitled to a fee in civil suits. I told him that my agreement to pay for the bill of exceptions when ordering it was under a misunderstanding and I would not stand by same. A few days before the expiration of the sixty days allowed for filing the bill of exceptions, a package arrived at the express office for me from Morris with charges, C. O. D., $19.20 and also the following letter:

''Little Rock, Ark., July 18, 1914.

''Hon. Chas. Thweatt, DeValls Bluff, Ark.

''My Dear Thweatt: I am sending you today the bill of exceptions in the Mullett case. There are sixty-four pages of this bill of exceptions, which amounts to $19.20. Am sending this by express, c. o. d., less express and collection charges. Trusting that you will find this bill of exceptions all right, I am,

''Very truly yours,

''Walter L. Morris.''

Witness telephoned the clerk and was informed that a transcript of the testimony had not been filed and also the circuit judge asking him to speak to the stenographer about the matter and the time for filing the bill of exceptions lacking only three days of being expired, took the package from the express office, paying the charges,

and brought suit and garnished the said company for the money paid.

Witness said on cross-examination: "At the time of filing the motion for new trial I instructed defendant to prepare bill of exceptions for me, and send same to me at my home in DeVall's Bluff C. O. D., and I agreed to pay for same. This was for Mr. Mullett, as his attorney. I countermanded this order when I saw defendant in Little Rock. I said something like that if he would send bill of exceptions I guessed I would pay for same. That was because I was feeling good over getting the criminal bill of exceptions without a lawsuit. I do not think that this was a renewal of the contract, because I told him I would expect him to comply with the law."

Plaintiff requested a directed verdict, which the court refused and both parties offered written instructions, but the court said: "You are both lawyers, suppose you state your contention to the jury and read your law to them," which was done and no instructions given.

From the judgment in defendant's favor plaintiff brings this appeal.

*J. G. & C. B. Thweatt,* for appellant.

The statutes make it very plain that the stenographer is not entitled to a fee for filing typewritten copy of the oral proceedings or for a bill of exceptions by him prepared. Kirby's Dig., § § 1329 to 1336, inclusive; Acts 1901, p. 324; Acts 1913. The only theory under which he would be entitled to charge for such work would be under a separate contract to furnish the same in addition to what the law required, and the testimony does not support such a contention.

If there was any agreement, it was revoked before the work had been done, both by the conversation had in Little Rock and by the institution of the mandamus proceedings, which latter was notice to appellee that appellant expected him to comply with the law.

*Grover C. Morris,* for appellee.

1. The contract is not void for want of consideration. Appellant's attorney did not make a demand, in

accordance with the statute, for a copy of the proceedings taken in shorthand, to be filed in the office of the clerk, but ordered it sent to him at his home. Moreover he ordered *a bill of exceptions,* and not a "longhand or typewritten copy of the proceedings so taken in shorthand." This court has clearly drawn the distinction between a bill of exceptions and a transcript of the oral proceedings.   65 Ark. 330, 332; 100 Ark. 244, 247.

2. Ignorance of the law does not render a contract void or voidable.   62 Ark. 387.

3. The evidence is not convincing that the work was countermanded; but a countermand is not a legal discharge of a contract.   Anson, Law of Contracts, (11 ed.) 315; 93 Ark. 447, 452.

KIRBY, J., (after stating the facts).   Appellant contends that the court erred in not directing a verdict in his favor and that the verdict is contrary to the evidence.

The law provides for the appointment of an official stenographer by the circuit judge for each judicial circuit, who shall attend all terms of the circuit court and when requested by either party "make a stenographic report of all oral proceedings had in such court, including the testimony of witnesses with the questions to them, *verbatim,* the oral instructions of the court and any further proceedings or matter when directed by the presiding judge or upon the request of counsel so to do," etc. The stenographer is required to furnish within twenty days after the trial of a cause or from the time of demand therefor, a certified transcript or typewritten copy of the proceedings taken in shorthand and file the same in the office of the clerk of the court in which the case was tried. A stenographer's tax of three dollars is taxed as part of cost in the case and his transcript of the testimony is taken when a bill of exceptions is demanded as a part of the transcript of the proceedings of the cause to be used as part of the clerk's transcript on appeal without charge for making same, except of five cents per hundred words to be charged by the clerk,

collected as costs and paid into the stenographer's fund. Kirby's Dig., §§ 1329-36.

(1)  Appellant insists that under the law the stenographer is not entitled to a fee for the bill of exceptions prepared by him. The transcript of the evidence and proceedings taken by the stenographer in the trial of the cause required by law to be filed by him with the clerk of the court in which the case was tried, is not a sufficient bill of exceptions and was never intended to be such, and it is available upon appeal only by being made a part of the bill of exceptions. *Moore* v. *State,* 65 Ark. 330; *Dozier* v. *Grayson-McLeod Lbr. Co.,* 100 Ark. 244.

(2)  The law does not require the stenographer to prepare a bill of exceptions in the cause tried, but only a transcript of the evidence and certain proceedings to be filed with the clerk without any fee paid to him therefor, and it also provides that no party shall be denied his bill of exceptions on account of inability to pay the stenographer's tax, etc. Section 1334-5, Kirby's Digest.

(3)  Of course the stenographer could not withhold the transcript of the proceedings from the clerk after demand therefor to compel the payment of the fees agreed to be paid him by the attorney of one of the parties to the suit for making a bill of exceptions in the case and it appears from the testimony that he filed such transcript with the clerk after he had been ordered to do so by the court in sufficient time for plaintiff's attorney to have procured it and prepared a bill of exceptions within the time allowed therefor, if it did not require more time to do so than stated by him at the trial. The fact therefore that the transcript of the stenographer's notes was wrongfully withheld from filing with the clerk for a time does not relieve appellant from paying for the bill of exceptions prepared by the stenographer at the direction of his attorney, under an agreement that it would be paid for at a specified rate per page. The testimony shows the charge made and paid was in accordance with the price agreed upon and the jury found upon the testimony alone of plaintiff's at-

torney that there was a contract for the making of the bill of exceptions.

The testimony is sufficient to support the verdict, and the judgment is affirmed.

