DYER & COMPANY *v.* DELIGHT LUMBER COMPANY.

Opinion delivered December 8, 1919.

1. APPEAL AND ERROR—NECESSITY OF BILL OF EXCEPTIONS.—The correctness of the court's ruling directing a verdict for defendant depends on the testimony introduced, and where there is no bill of exceptions a judgment rendered on a verdict for defendant must be affirmed.

2. APPEAL AND ERROR — BILL OF EXCEPTIONS — VERIFICATION.—The facts which occur in the trial of a case can only be brought to the Supreme Court for review by bill of exceptions certified by the trial judge or signed by the parties in the manner provided by the statute.

3. APPEAL AND ERROR—STENOGRAPHER'S CERTIFICATE.—A stenographer's certificate as to the correctness of the record of the testimony taken down by him, unless approved by the presiding judge, can not have the effect of making such evidence a part of the bill of exceptions, although such certficate may be found in the transcript of the record.

Appeal from Pike Circuit Court; *J. S. Steel,* Judge; affirmed.

STATEMENT OF FACTS.

Dyer & Company commenced this suit before a justice of the peace against Delight Lumber Company to recover $53.84 alleged to be the balance due it for hay sold to the defendant.

There was a judgment by default against the defendant in the justice court. The defendant duly appealed to the circuit court and the case was tried *de novo.* At the conclusion of the testimony the court directed a verdict for the defendant. Judgment was rendered upon the verdict and the plaintiff has appealed.

*O. A. Featherston,* for appellant.

1. It was error to direct a verdict for defendant, but the case should have been submitted to a jury, as there was some evidence to support a verdict for plaintiff. 71 Ark. 445; 98 *Id.* 334; 105 *Id.* 526.

2. While the stenographer did not get the court's reason for directing a verdict, it was understood by both parties that the reason was that plaintiff, having made

defendant's letters a part of his deposition, could not call their statements into question. 101 S. W. 390. If there was any evidence to support appellant's theory, he was entitled to an instruction on that theory. 14 R. C. L. 793. Cases *supra.*

*Laughlin & Johnson,* for appellee.

There is no bill of exceptions in the case certified by the judge, or agreed to by attorneys and filed in time. 36 Ark. 262; 38 *Id.* 102; 42 *Id.* 30; 74 *Id.* 551; 145 S. W. 888; 171 *Id.* 1194.

HART, J., (after stating the facts). The correctness of the ruling of 'the circuit court depends upon the testimony introduced before it. The facts which occur in the trial of a case can only be brought to this court for review by a bill of exceptions certified by the trial judge, or signed by the parties in the manner provided by statute. *Moore* v. *Cairo & Fulton Rd. Co.,* 36 Ark. 262, and *Wright* v. *Midland Valley Rd. Co.,* 111 Ark. 196.

It is insisted by counsel for the defendant that the judgment must be affirmed because there is no bill of exceptions in the present case, and in this contention we think counsel are correct. There is in the transcript what purports to be the deposition of the secretary and treasurer of the plaintiff with eleven letters attached to it as exhibits, which are accompanied by the certificate of the court stenographer that they are a true and correct transcript of his notes taken at the trial of this cause in the circuit court and that the notes are a true and correct report of all the proceedings had at the trial of the case. A stenographer's certificate as to the correctness of the record of the testimony taken down by him unless approved by the presiding judge could not have the effect of making such evidence a part of a bill of exceptions, although such certificate may be found in the transcript of the record. *Abbott* v. *Kennedy,* 133 Ark. 105; *Mullett* v. *Morris,* 117 Ark. 377, and *Dozier* v. *Grayson-McLeod Lumber Co.,* 110 Ark. 244.

In the last mentioned case the court said: "In the case of *Moore* v. *State*, 65 Ark. 330, it was held that the stenographer's report provided for by this statute could be made available on appeal only by being made a part of the bill of exceptions. The stenographic report of the proceedings of a court is only a modern, progressive mode of securing that which was formerly made by writing same in longhand. The statute did not dispense with the duty imposed upon the judge to examine such report and his discretion to correct the·same. Before the testimony thus taken by the official stenographer can properly be made a part of the bill of exceptions, it should be examined by the judge, and he must determine whether or not it is correct. In any event it is imperative that it must be in existence and a part of the bill sufficiently identified at the time the bill is allowed and signed by the judge. The stenographer is but a means of taking and transcribing the oral proceedings; but he has no authority or discretion to determine whether the report so made by him is a true and correct report of such proceedings. It is the duty of the judge, and solely within his judicial discretion, to pass upon its correctness and allow same before it can become a part of the bill of exceptions."

There is nothing but the stenographer's certified transcript of his notes in the present case. It was not signed by the judge, and there is nothing to show that it was examined or approved by him. Consequently, there is no bill of exceptions, and we can not know whether the testimony introduced warranted the circuit court in directing a verdict for the defendant.

Therefore, the judgment must be affirmed.