## St. L., I. M. & S. R'y v. Godby.

1.  BILL OF EXCEPTIONS: *Identifying instructions: Practice in Supreme Court.*
    If instead of writing the instructions in the bill of exceptions the bill contains a direction to the clerk to copy them, the direction must so identify the instructions, by letters or numbers, marked upon them, or by other means of identification mentioned in the bill, as to leave no doubt that the instructions found in the record are those referred to in the bill.   The direction in the bill: "The clerk will here insert the instructions, numbering them," does not identify any instructions, nor authorize the insertion of any in the transcript of the bill; and if any are found there they will be disregarded in this court.   And an affidavit to prove that they are the identical instructions given by the court and referred to in the original bill of exceptions, is not admissible.

APPEAL from *Saline* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*Dodge & Johnson* for Appellant.

By reference to the transcript filed in this case it will be seen that the clerk of the Saline circuit court has officially certified that the transcript contained a true and correct copy of each and every paper and court order, as the originals appear on file and of record in his office.   This certificate was made September 25, 1884, over a year ago.

Now, it is sought by counsel for appellee, to supersede and contradict this formal, official certificate, by a special, amenda-

St. L., I. M. & S. R'y v. Godby.

tory or supplemental certificate, by the same clerk, made October 24, 1885, more than a year after the first one.

This looks to us very much like trifling with valuable records. If such a proceeding is to be resorted to where will be the end of it? If it were proper to raise a question of fact in the appellate court, in contradiction of a certified record, and dispose of the issue on proof *aliunde*, it would not injure our side of the case.

It would be made to appear, beyond question, that the instructions referred to were the identical ones passed upon by the court. But it is neither good practice, nor sound public policy, for such an issue to be raised at this time and place.

As this court has recently well said, in the case of *Furstenheim & Walford v. Claflin, et al.*, decided November 7, 1885 : "It is contrary to public policy, as leading to false swearing and subornation of perjury." [This decision was afterwards set aside, and is, therefore, not reported.—REP.]

The contradictory certificate last made by the clerk shows. that there is not the slightest degree of merit in this over-zealous. effort of counsel to avoid meeting the real issues before this honorable court.

There is not the slightest intimation that any of the instructions appearing in the bill of exceptions are wrongfully there.

It is admitted that they are the identical instructions, but this court is now sought to be officially advised that there was no file-mark on them.

A moment's reflection shows at once the broad avenue for the perpetration of fraud which might be opened up by the course here adopted.

We say, frankly, that in this particular instance, from our personal knowledge of the probity of counsel for appellee and the clerk, there is no room for suspicion as to the course they

have seen fit to pursue; but this question reaches beyond the limits of this particular case.

This court knows full well, from its experience at the bar, that the greatest informality prevails in the circuit court as to instructions. More frequently than otherwise, a hastily written instruction in pencil is shown to the attorney on the other side; it is then handed to the judge; the judge, after argument *pro* and *con.*, marks upon the paper, in pencil likewise, "refused," or "given," or "given as modified," as the case may be.

Now, so long as the judge places any mark upon the paper by which it becomes from that moment a part of the papers in the case, it has never occurred to any attorney, heretofore, to require that the judge's name be signed officially to the mark which he places on the paper.

The paper, from the moment it has been officially acted on by the circuit judge, is in the custody of the clerk as officially as if he had placed a dozen file-marks upon it.

This is not a case of the comparison of papers or doubtful identification.

It is idle to say that such a paper is not so marked and branded as to make identification possible, when a year before the objection is raised the paper *has been* identified, and has been officially incorporated into the record by the circuit clerk.

And yet, forsooth, after the original papers have served their purpose in furnishing material for a certified transcript, a year or two afterwards it is shown to the clerk that the identification mark *is no longer upon* one of the papers. Then follows, by a few strokes of the pen, a formal certificate in the nature of a *revocation* of the previous one. We respectfully protest against dignifying any such method into a rule of legal procedure.

Skeleton bills of exceptions have been approved by this court time out of mind, and we have no doubt been often prepared by your Honors when at the bar. We remember to have

heard the late Chief Justice English speak most approvingly of the plan.

So was it done in this case, and the clerk, true to his duty and obedient to the directions of the circuit judge who had examined and signed the bill of exceptions, incorporated the instructions in the bill as they now appear.

The name of the circuit judge is officially signed to the document which directs the clerk to "here insert," etc., and when he refers to instructions, he means those upon which he has placed his allowance or disallowance, and which were then placed in the custody of the clerk.

Without further argument, we content ourselves with simply filing the affidavit of counsel for appellant, who tried the case below, showing that the instructions embodied in the bill of exceptions were correctly copied, and were so copied by order of the judge, and are true copies of the identical instructions and all of the instructions given on the trial.

*Curl & Hughes* and *Geo. R. Hughes* for Appellee.

The instructions were not copied in the bill of exceptions as signed by the judge. It must be complete when signed. The identification in the case is not sufficient. The instructions are mere papers in the case; they are no part of the record, and can only be made so by bill of exceptions duly signed. See *29 Ark., 548; 2 Id., 14; 25 Id., 503; 28 Id., 1; 35 Id., 220; 4 Wall., 187; Minor, Ala., 413; 50 Ala., 503; 56 Iowa, 520; 19 Kans., 335.*

The instructions are not before this court for review, and there is nothing in the case except the sufficiency of the evidence, which we submit fully sustains the verdict.

COCKRILL, C. J.   The appellee sued the railroad for a severe personal injury received by him through the negligence,

St. L., I. M & S. R'y v. Godby.

as he alleged, of the company, while he was a passenger on one of its trains. There was a verdict and judgment in his favor for $1000.

The errors assigned by the company in the motion for a new trial are: That the verdict is against law and evidence, and that the court erred in giving "instructions numbered one and three for the appellee."

The bill of exceptions as certified in the transcript sets forth three instructions given by the court at the instance of the appellee. Before the submission of the cause, however, and before filing his abstract the appellee suggested a diminution of the record and sued out a writ of *certiorari*. In return to this the clerk certified the skeleton bill of exceptions, just as it existed when filed in his office. From this it appears that none of the instructions copied into the bill as first certified were actually incorporated in it, but after the words, "the plaintiff then asked the court to give the following instructions," it proceeds thus: "(The clerk will here please insert instructions, numbering them)." The question whether this sufficiently identifies the instructions given at the instance of the appellee is pressed by his counsel upon our consideration.

*1. BILL OF EXCEPTIONS: Identifying instructions. Practice in supreme court.*

Prayers for instructions to the jury submitted to the court by the parties to an action, are not a part of the record of the case. It is the province of the bill of exceptions to bring them upon the record, when it is desired to review their correctness here.

When the bill of exceptions is allowed and signed by the judge, nothing remains to make it part of the record, except filing it. *Mansf. Rev. St., Sec. 5160.* It would seem to follow that "when the bill receives the signature of the judge it should be complete, and this we understand to be the substance and spirit of all the decisions. There is to be no further discussion, no further discretion; the record is made. . . .

A record must speak for itself. It must show upon its face all that it is. It must be its own evidence of all it contains. No part of its contents may rest upon the discretion of the clerk, the recollection of the judge, or the testimony of counsel." *A. & N. Railroad v. Wagner, 19 Kans., 335.* But to insure this certainty it is not essential that everything that finds a place in the bill be written out in full. The rule, in such cases, is, that we will regard that as certain which can be made so. *Sterman v. Cravens, 29 Ark., 548.* But certainty to a reasonable intent has always been required by this court. *Sexton v. Brooks, 15 Ark., 348; Dillard v. Parker, 25 Ib., 503; Woolfirk v. Wright, 28 Ib., 1; Sterman v. Cravens, sup.; Johnson v. Terry, 35 Ib., 220; Carroll v. Bowles, 40 Ib., 167.*

In *Carroll v. Bowles, sup.,* instructions were incorporated in the motion for a new trial, and the motion was set out in full in the bill of exceptions; but, as the instructions were not otherwise identified by the bill, and as the motion could not be made the vehicle of bringing them to the notice of the court without this, they were disregarded as not being a part of the record.

A general reference in the bill to a motion for new trial does not make a part of the record any motion the clerk may choose to certify to this court; but where a motion is certified to us which has been filed in the cause, and an order of court appears overruling it, the motion is sufficiently identified. *Johnson v. State, 43 Ark., 391.* It was necessary to overrule several decisions of this court in order to reach this degree of latitude.

A fair and liberal practice is adopted by the supreme court of the United States, in the case of *Leftwitch v. Lecann, 4 Wall., 187,* and is as follows: " If a paper which is to constitute a part of a bill of exceptions, is not incorporated in the body of the bill, it must be annexed to it, or so marked by letter, number or other means of identification mentioned in the bill, as to leave no doubt, when found in the record, that it

is the one referred to in the bill of exceptions." See, too, *A. N. Railroad v. Wagner, sup.; Wells v. Railroad, 56 Iowa, 520; Tuscaloosa v. Logan, 50 Ala., 503; Powell App. Pro., p. 233, Sec. 33, a, and note.*

This rule is less strict than is required by many of the cases, but if strictness to this extent be not exacted, a different paper from that intended may be inserted in the bill by mistake or design, and the question which would afterwards arise on the record be materially affected.

Tested by this rule no instructions given on the motion of the appellee are a part of the record. The clerk is merely requested to "insert instructions as given, numbering them." How he is to determine what instructions were given is not designated. The number of the instructions is not made known, nor even the fact that they were reduced to writing and numbered. The clerk is left to determine for himself what he shall insert, and no guide is given by which an error made by him could be corrected. If the clerk should copy only a part of the charge, or commit any errors in making the copy, the injured party would be met by the objection that there was no identification of anything to correct or amend by, as was done in *Johnson v. Terry, sup.* In that case the bill as originally signed does not appear as in this case, and no effort was made by either party to expunge the instructions from the record. As to the practice on this point, see *State v. Van Zandt, 71 Mo., sup.,* and *Morrison v. Lehew, St. Louis Ct. App., 21 Cent. L. J., 413.*

The appellant has offered to establish by affidavit here, that the instructions appearing in the bill were those given by the court. We entertain no doubt of the truthfulness of the affidavit, but it can add nothing to the record, and the necessity for it only demonstrates the wisdom of the rule requiring certainty in such matters.

The only error assigned and presented by the record is the sufficiency of the evidence to sustain the verdict. Upon this point we entertain no doubt.

Affirm the judgment.