LESSER, AS ASSIGNEE, v. BANKS ET AL.

1. BILL OF EXCEPTIONS: *What it is.*

   A bill of exceptions is a record which is made when signed by the judge and filed by the clerk, and nothing can be inserted in it by the clerk by directions in the bill except writings so identified by the directions that the identity is certain upon comparing the writing with the directions.

APPEAL from *Lee* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

*Stephens & Trieber* and *J. M. Hewitt* for appellant.

Argue upon the merits.

*Geo. H. Sanders* for appellees.

There is nothing before this court for determination, there being no properly prepared or filed bill of exceptions. *St. L., I. M. & S. Ry. v. Godby, 45 Ark.*

COCKRILL, C. J. The appellant's arguments for the reversal of the judgment in this case rest solely upon the evidence and the court's directions to the jury. The counsel for the appellees contend that these matters cannot be reviewed because the bill of exceptions does not bring them to our consideration. The bill of exceptions, as certified by the clerk in the transcript filed here by the appellant, purports to set forth all the testimony adduced at the trial, the instructions of the court to the jury and the exceptions taken thereto. But, in return to a writ of *certiorari* sued out, for that purpose, the clerk has certified a copy of the bill as it was at the time it was allowed by the circuit judge and still exists among the records of the court.

It is a skeleton bill which not only casts upon the clerk the duty of filling the numerous blanks found in it, but gives him no reference, brand, mark or *indicia* of any sort, by means of which he may be safely guided in the discharge of his duty in some of its most material features. Depositions were referred to by the name of the witnesses testifying, but as these were on file in the case, any proper reference to them was a sufficient identification to guide the clerk to a certain conclusion. But the testimony of a number of witnesses was heard *ore tenus*. As to that fea-

ture we will allow the bill of exceptions to speak for itself, viz.: "Defendant thereupon introduced C. H. Banks, who testified (clerk insert here his testimony), J. M. Daggett, who testified (clerk insert here his testimony), Thos. Day, who testified (clerk will insert here his testimony)," and the testimony of many other witnesses for each party was called for in the same way. The clerk is also directed to insert the prayers for instructions that were given and those refused, without receiving any indication by which he should be guided in determining what had been asked, what given, or refused. It is also disclosed that the court gave to the jury a charge independent of that asked by the parties, but the only evidence of it found in the bill is a request that the clerk insert it.

From what source the clerk was to derive his information as to these matters is not pointed out. And yet, it is certain that nothing that is not reduced to writing can be embodied in a bill of exceptions by reference to it alone. Even where a writing is referred to, it must be so identified, by the reference in the bill, that when the paper and the reference to it are compared, the identification can be made with certainty. Any other rule would make the final record of a case as vacillating and uncertain as the memory or the will of the clerk to whom its final making up might be referred, and would place the rights of parties, who have judgments of record, entirely in the power of the person who eventually makes up the bill of exceptions for this court.

When a question arises as to whether any matter found in a bill of exceptions can hold its place there, we are not at liberty to look to extraneous proof to determine it, but are confined to the evidence that the bill itself gives for that purpose. It is a record and must carry with it its

own verity. The record is made when the bill is allowed by the judge and filed by the clerk.

The questions presented upon the insufficiency of the bill of exceptions are ruled by the case of *St. Louis, Iron Mountain & Southern Ry. Co. v. Godby, 45 Ark., 485,* and as none of the matters assigned as error are before us, the judgment must be affirmed.