## FORD v. BODCAW LUMBER COMPANY.

Opinion delivered November 12, 1904.

1. SKELETON BILL OF EXCEPTIONS—SUFFICIENCY.—A direction to the clerk, in a skeleton bill of exceptions, to copy certain instructions asked by plaintiff, giving their numbers, is a sufficient identification of such instructions. (Page 53.)

2. MASTER AND SERVANT—DUTY TO WARN.—It is not the duty of a master to warn an inexperienced servant of the dangers liable to be encountered by him in the performance of his duties where experience and instruction are not necessary to enable him to do with safety the work he is employed or required to perform. (Page 55.)

3. SAME.—Notwithstanding the danger of an employment is patent, yet if, by reason of youth and inexperience, a servant does not know or appreciate the danger incident to the service he is employed to do, it is the duty of the master to warn him of it and instruct him how to avoid it, so far as it can be avoided, before exposing him to it. (Page 55.)

4. APPEAL—INSUFFICIENT ABSTRACT.—Where appellant's abstract is imperfect and not a compliance with rule 9, no costs for his abstract and brief will be allowed on reversal. (Page 56.)

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

Reversed.

*W. H. Arnold* and *J. W. Warren,* for appellant.

An employee is entitled to all the information his employer has in regard to the danger of the employment. 14 Am. & Eng.

Enc. Law, 800; 44 Cal. 187.   Instruction No. 14 should have been given.   39 Ark. 17; 53 Ark. 117; 48 S. W. 1005.

*C. B. & Henry Moore* and *Webber & Webber,* for appellee.

A servant can not voluntarily and unnecessarily expose himself to danger.  41 Ark. 542; 46 Ark. 388.  Whether or not appellant was guilty of contributory negligence was a question for the jury.  59 Ark. 215; 58 Ark. 217; 39 Ark. 38; 2 Thomp. Neg. 977. Instructions Nos. 7 and 14 were properly refused.  56 Ark. 232.   Instruction No. 1 asked by appellant was given in instruction of appellee.  60 Ark. 250; 69 Ark. 140.  Exceptions to the giving of instructions were not saved.  27 Ark. 506; 30 Ark. 508; 34 Ark. 421; 39 Ark. 420; 36 Ark. 451; 60 Ark. 250; 70 Ark. 348.  A judgment right upon the whole case will not be refused. 44 Ark. 556; 46 Ark. 542; 64 Ark. 236. An exception in gross will be considered if any instruction was good. 33 Ark. 223; 39 Ark. 337; 54 Ark. 16; 59 Ark. 370; 60 Ark. 250; 45 Ark. 485; 46 Ark. 485.

BATTLE, J. This action was brought by W. J. Ford, as administrator, for the benefit of the estate and next of kin of Dorus Ford, deceased, against the Bodcaw Lumber Company for damages occasioned by injuries the deceased received while in the employment of the defendant.

On the 21st day of June, 1901, the defendant was operating a mill at Stamps in this State.  Dorus Ford was employed as a laborer in the mill, and was killed by a piece of plank violently thrown from one of the defendant's machines, an edger, at which he was at the time working.   In the trial of this action before a jury evidence was adduced by plaintiff tending to prove that the deceased was what is called a "trucker" at one of the edgers in the defendant's mill, and, according to the custom prevailing in the mill, one of his duties was to assist in "feeding" such machine, and while discharging this duty he was killed.   At this time he was a youth about seventeen years old, and had no experience in the work he was doing. On the other hand, evidence was adduced by the defendant tending to prove that when it employed the deceased "there was no regular place open to him, and he was to work at such places as might be assigned to him; that on the

day of his injury he was sent behind the edger to relieve the boy there; that his duties were to receive lumber after it had passed through the edger, place it on trucks provided for receiving it, and then truck it to its destination in another part of the mill; that the place assigned was safe, and his duties did not require experience or instruction to enable him to perform them, but nevertheless he was shown by the defendant's foreman how to do his work, and was specially warned not to go near the 'feeding end' of the machine;" that he abandoned his work, violated his instructions, and, without the knowledge or consent of the defendant, undertook to feed the edger, and was killed. Evidence was adduced by plaintiff tending to show his death was occasioned by the negligence of the defendant, which introduced the testimony of witnesses tending to prove that it was without fault.

The plaintiff asked and the court refused to instruct the jury as follows:

"4. The jury are instructed that the mere fact that deceased was feeding the edger is not sufficient to constitute contributory negligence upon his part unless he was negligent in the manner in which he attempted to pass the plank through said edger, or had knowledge of or was advised by defendant of the danger and hazard of occupying a place about such machinery.

"6. The jury are instructed that an employee is entitled to all information his employer possesses in regard to the danger of the employment arising from extraneous causes, to enable him to determine for himself whether at the proffered compensation he will assume the risk and incur the hazard, and it is the duty of the employer to instruct, even when the danger is patent, if from youth, inexperience or other causes the servant is incompetent to fully understand the nature and extent of the danger; and if you believe from the evidence in this cause that the deceased, Dorus Ford, because of his youth and inexperience, could not reasonably be presumed to know, and did not know, the nature and extent of the danger of the place and work at which the defendant placed him, and that the defendant failed to fully instruct him as to the nature and extent of the danger of such employment, and that such failure upon defendant's part to so instruct him was the proximate cause of the injury which resulted in his death, you will find for the plaintiff.

"7. The jury are instructed that if they believe, from the evidence in this cause, that the deceased, Dorus Ford, was such a person as that by his experience, age and education, he did not know, and would not be likely to know, of the danger incident to the work at which he was assigned, then it was the duty of the defendant to inform him, not only that the service was dangerous and perilous as to the particular place, but where extraordinary risks were or might be encountered; and furthermore an employer failing to make an explanation to a minor servant is liable for an injury resulting from the danger known to the employer and unknown to the employee, although the immediate cause of the injury was negligence of a co-employee.

"14. The jury are instructed that if, by reason of the youth and inexperience of Dorus Ford, deceased, he was unacquainted with the danger incident to the work or the place he was engaged to occupy, and defendant did not give him proper instructions as to the danger of said place and work, and you further believe from the evidence that said place or work was dangerous, and that the defendant's failure to properly instruct the deceased as to the danger of said place and work was the proximate cause of the injury resulting in the death of the deceased, you will find for the plaintiff."

And the court, over the objections of the plaintiff, gave an instruction to the jury, which was number 9, and is as follows:

"The jury are instructed that, if they believe from the evidence in this cause that Dorus Ford, deceased, because of his youth and inexperience in such employment as that at which he was employed by the defendant, did not understand the danger of the place and work at which the defendant had assigned and put him, then it was the duty of the defendant, before assigning him to work at such place, to give such notice of the *latent* dangers incident to said work as was reasonably necessary, considering his youth and inexperience, to fully apprise him of the danger of such employment; and if the defendant failed to give such notice, and injury resulted in consequence of such failure to give said notice, then the defendant is liable therefor."

Other instructions were given. The jury returned a verdict in favor of the defendant, and the court rendered judgment accordingly, and plaintiff appealed.

Appellee insists that "the instructions of neither the plaintiff nor the defendant were copied into the bill of exceptions [which · we understand to mean the bill of exceptions as presented to the judge for signature], and they are not sufficiently identified," and cited *St. Louis, I. M. & S. Ry.* v. *Godby,* 45 Ark. 485, and *Lesser* v. *Banks,* 46 Ark. 482, to sustain its contention. The paper referred to was a skeleton bill of exceptions, and was signed by the judge, and is, in part, as follows: "Whereupon the plaintiff asked the following instructions, towit: (Clerk here set out the several instructions asked by plaintiff in full.) Of which instructions the court gave those numbered 2, 3, 5, 8, 10, 11, 12 and 13, as asked, and refused those numbered 1, 4, 6, 7, 9, and 14. * * * The court gave instruction 9 asked by plaintiff amended to read as follows: (Clerk here set out instruction 9 asked by plaintiff as amended by the court.) * * * The defendant asked the following instruction, towit: (Clerk here set out instruction asked by the defendant in full.)" The question presented by appellee's contention was decided in *Keith* v. *Herschberg Optical Co.,* 48 Ark. 138. In discussing it the court said: "It is claimed, however, that the merits of the appeal are not properly before us for consideration, because the bill of exceptions does not contain the depositions of certain witnesses and the agreed statement as to the testimony of an absent witness which were used upon the trial, but a mere direction to the clerk to insert the same. It was a skeleton bill; and, as allowed by the judge, ran thus: The plaintiff, to maintain the issue on its part, read in evidence the depositions of H. Herschberg and A. Herschberg, taken in St. Louis, on the 24th day of February, 1885, before Enrique Parmer, notary public, which were in words and figures as follows: (Here copy the deposition of witness.) The defendant, to maintain the issue on his part, introduced in evidence the agreed statement of F. Morse, which is in words and figures as follows, towit: (Here copy Morse's statement.)' These writings are sufficiently identified, within the rule of *St. Louis, I. M. & S. Ry. Co.* v. *Godby,* 45 Ark. 485; and *Lesser* v. *Banks,* 46 Ark. 482 [cases cited by appellee], so as to leave no doubt that the depositions and statement found in the record are those that are referred to in the bill of exceptions."

In *Sprott* v. *New Orleans Insurance Association,* 53 Ark. 220, 221, it is said: "A 'skeleton' bill of exceptions was prepared,

signed and filed, and is brought before us by *certiorari*. After setting out all the evidence in the cause, it continues: 'And thereupon the plaintiff asked the court to instruct the jury as follows: (Clerk will here copy plaintiff's instructions asked, leaving off the amendments of the court.)' It then recites that the court refused the first prayer of plaintiff in the form submitted but gave it after adding a clause which is set out; it also recites that the court refused the third prayer as submitted by plaintiff, but gave it after adding a clause which is set out. The transcript contains what purports to be the prayer for a charge as presented by plaintiff, but the appellee contends that it is not identified by the call in the bill of exceptions. It is indorsed, 'Instructions for plaintiff,' and is divided into paragraphs, entitled instructions 1, 2, 3 and 4; it shows that amendments were made to the instructions as asked, which accord with the recitals in the skeleton bill. Is the identification sufficient? The bill calls for 'Instructions for plaintiff,' and the transcript contains a series of instructions, indorsed 'Instructions for plaintiff.' The bill discloses that the judge added certain clauses to instructions numbered 1 and 3. and the instructions thus numbered in the transcript contain the clauses so added. The identification might be more complete; but we think the call 'to copy' fairly imports that the instructions asked were in writing, and in the custody of the clerk; the indorsement on the instructions, as transcribed, correspond with the call, and the amendment by the court, recited in the skeleton bill, correspond with that shown upon the transcript. * * * If it were charged that the transcript did not in fact contain the instructions passed upon by the circuit court, we would find much difficulty in reaching this conclusion; but, as there is no denial of identity, marks of identification are less rigidly scrutinized."

In the case before us it is not charged that the instructions asked, given and refused were not correctly set out in the transscript. There is no suggestion that the record is defective in this respect; but the only objection is that the instructions were not sufficiently identified. This implies an admission that they have been correctly copied into the transcript; and it appears that they were sufficiently identified to enable the clerk to copy them. In view of these facts, we think that the identification of them in the skeleton bill of exceptions was sufficient. What more could any

other identification have accomplished in this case? In this connection *Martin* v. *St. Louis, Iron Mountain & Southern Railway Co.,* 53 Ark. 250, may be read with profit.

Instruction numbered 9, as amended and given by the court, was calculated to mislead the jury, and was prejudicial to the appellant. They might have reasonably inferred from it that it was the duty of the appellee to instruct Dorus Ford, its employee and an inexperienced minor, only as to "latent dangers incident to the work" he was employed to do. But this is not correct. It is not the duty of a master to warn an inexperienced servant of the dangers liable to be encountered by him in the performance of his duties where experience and instruction are not necessary to enable him to do with safety the work he is employed or required to perform. *Fones* v. *Phillips,* 39 Ark. 38; *Railway Company* v. *Torrey,* 58 Ark. 217. If the danger of the employment is patent, and the servant, by reason of his youth and inexperience, does not know or appreciate the danger incident to the service he is employed to do, it would be the duty of the master to warn him of it and instruct him how to avoid it, so far as it can be, before exposing him to it. *Davis* v. *Railway,* 53 Ark. 128; *Southwestern Telephone Co.* v. *Woughter,* 56 Ark. 210, 211; *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232. In all cases where there is a duty to warn a servant, it would be a breach of such duty to expose him "to such dangers without giving him such instructions and caution as would, in the judgment of men of ordinary minds, understanding and prudence, be sufficient to enable him to appreciate the dangers and the necessity for the exercise of due care and caution, and to do the work safely," so far as it can be done, with proper care on his part. For a breach of this duty the master is liable for the damages resulting therefrom. *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232. Of course, there is no duty to instruct when the master does not and ought not to know or take notice of the youth or inexperience of the servant. *Southwestern Telephone Co.* v. *Woughter,* 56 Ark. 210, 211; *Railway Company* v. *Torrey,* 58 Ark. 228.

There was no error in the court refusing to give instructions asked for by appellant and numbered 4, 6, 7 and 14.

For the error indicated the judgment of the circuit court is reversed, and the cause is remanded for a new trial.

The abstract by the appellant of the transcript filed here is very imperfect, and is not a compliance with rule 9 of this court; and he will not be allowed costs for his abstract and brief.