INTERNATIONAL ORDER OF TWELVE, KNIGHTS AND DAUGHTERS OF TABOR *v.* JACKSON.

Opinion delivered January 8, 1912.

1.   APPEAL AND ERROR—BRINGING UP EVIDENCE.—The bill of exceptions must contain, or in some way call for and specifically identify, the evidence that was introduced at the trial, in order to authorize the Supreme Court to consider it.   (Page 557.)

2.   SAME—PRESUMPTION WHERE EVIDENCE IS NOT BROUGHT UP.—Where the bill of exceptions fails to show that it contains all the evidence that was introduced at the trial, it will be presumed that there was evidence to sustain the verdict, and that the jury were correctly instructed. (Page 557.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk*, Judge; affirmed.

## STATEMENT BY THE COURT.

This is a suit on a policy of insurance issued by the appellant in favor of one Fannie Williams, in the sum of $250. The appellee brings suit as administrator of her estate, alleging that she died on the 6th day of June, 1908, leaving five children as her sole heirs; that she died intestate, and appellee was appointed administrator of the estate; that at the time of her death Fannie Williams was in good standing with appellant, and that the policy of insurance was not payable to any one; that demand was made for payment by the administrator, and that appellant had refused to pay same.

The answer admitted that appellant issued to Fannie Williams a policy of insurance in the sum of $250, that she died in good standing, and set up that, on proof of death and the return to it of the policy, it paid to Ed Williams, the husband of Fannie Williams, as beneficiary, the sum named in the policy; that appellee knew the same was paid and received part of the money; that more than ninety days had elapsed between the time of the death of Fannie Williams and the payment of the policy.

The bill of exceptions shows that appellee testified that Fannie Williams was his mother; that she died June 6, 1908; that he had been appointed administrator of her estate; that she carried a policy with appellant. He identified the policy, and introduced it in evidence. That as administrator he had not received a dollar of the policy. Other testimony on behalf of appellee was introduced. The bill of exceptions also shows that the appellant introduced testimony. The case was sent to the jury on instructions from the court, and the jury returned a verdict in favor of appellee, and judgment was entered against appellant for that sum. It duly prosecutes its appeal.

*Carmichael, Brooks & Powers* and *Jones & Price,* for appellant.

*W. C. Adamson,* for appellee.

WOOD, J , (after stating the facts). The appellee contends that the judgment must be affirmed because the bill of exceptions does not contain all the evidence. The bill of exceptions shows that the policy of insurance upon which the suit was based was introduced in evidence. The bill of exceptions shows that Henry Jackson was asked: Q. "Is this the

policy which she carried?" A. . Yes, sir." It also recites, "The policy of insurance was here introduced in evidence and read to the jury."

The policy of insurance here referred to was not made an exhibit to the complaint; it was not a part of the record proper, and had to be brought into the record by bill of exceptions. This has not been done. There is in the transcript what purports to be a policy of insurance issued by the appellant in favor of Fannie Williams in the sum of $250, but the bill of exceptions nowhere identifies this as the policy upon which this suit was grounded, and which was introduced in evidence at the trial. There is no call in the bill of exceptions for this policy to be copied by the clerk, and nothing whatever to identify the policy that appears in the transcript as the one that was introduced in evidence. The bill of exceptions must contain the evidence that was introduced at the trial, and we can not look to other parts of the transcript for such evidence.

The bill of exceptions, over the certificate of the judge, must contain, or in some manner call for and specifically identify, the evidence that was introduced at the trial, in order to authorize this court to consider it.

This court, in *St. Louis, I. M. & S. Ry. Co.* v. *Godby*, 45 Ark. 485, said: "A fair and liberal practice is adopted by the Supreme Court of the United States, in the case of *Leftwitch* v. *Lecanu*, 4 Wall. 187, and is as follows: "If a paper which is to constitute a part of a bill of exceptions is not incorporated in the body of the bill, it must be annexed to it, or so marked by letter, number or other means of identification mentioned in the bill, as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions." See also *Lesser* v. *Banks*, 46 Ark. 482.

Appellant, in its abstract, copies what purports to be the policy that was introduced in evidence, and urges a reversal of the judgment for alleged error of the court in the admission of testimony, and in the giving of instructions based upon certain provisions contained in the policy, which they set out, but we can not accept this copy of the policy in the appellant's abstract as the one that was introduced in evidence, and it is impossible for us to determine as to whether or not the court committed error in the particulars claimed by appellant unless

we had before us the policy that was introduced at the trial. This court has often ruled that "where the bill of exceptions fails to show that it contains all the evidence that was introduced at the trial, it will be presumed that there was evidence to sustain the verdict, and that the jury were correctly instructed. *Jonesboro, Lake City & Eastern Ry. Co.* v. *Chicago Portrait Co.*, 81 Ark. 327.

The appellant contended in oral argument that, if the policy was not in the bill of exceptions, then there is nothing to show that appellee was entitled to recover. But the bill of exceptions does show that the policy was introduced in evidence, and all presumptions are in favor of the correctness of the proceedings in the trial court. The burden is on the appellant to show that error was committed in order to entitle it to a reversal.

Affirmed.