NATIONAL ANNUITY ASSOCIATION *v.* McCALL.

Opinion delivered April 8, 1912.

1.  INSURANCE—DEFENSE—BURDEN OF PROOF.—Where an insurance company, being sued on a policy of insurance, relied on the falsity of certain answers in the application for insurance, the burden is upon it to prove the execution of the application by the insured, and that he had made the answers as alleged, as well as their falsity.  (Page 204.)

2.  EVIDENCE—EXHIBIT.—An exhibit to an answer was not evidence where it was not introduced in evidence upon the trial of the case.  (Page 204.)

3.  APPEAL AND ERROR—BRINGING UP REJECTED EVIDENCE.—In order to make a paper or document which has been offered in evidence a part of the bill of exceptions, it should either be copied or incorporated in the body of the bill at the time it is signed by the trial judge, or it must be identified therein by number, mark or other means with direction that it be copied therein.  (Page 205.)

4.  EVIDENCE—PRIVILEGED COMMUNICATION—WAIVER.—The privilege of a physician to refuse to testify as to matters communicated to or information obtained by him in his professional capacity may be waived by the patient, or after his death by his representative, or by one occupying a contractual relation toward such patient, such as the beneficiary of a policy insuring the patient's life.  (Page 205.)

5. SAME—PRIVILEGED COMMUNICATION—WAIVER.—A person may in his written application for insurance waive the right to object to the testimony of a physician as to information acquired while attending him as such. (Page 206.)

6. SAME—PRIVILEGED COMMUNICATION—WAIVER.—Where plaintiff, suing upon a policy on her husband's life, sought to avoid a release executed by her, testifying that it was made by reason of a false statement made by the attending physician as to the cause of her husband's death, she will be held to have waived the privilege of such physician to testify as to the cause of her husband's death. (Page 206.)

7. INSURANCE—EFFECT OF WARRANTIES.—Where the insured in his written application for insurance warranted the truth of the answers made by him therein relative to his health, and same were untrue as to some disease which was material to the risk, this constituted a breach of such warranty, whether he knew the answers to be untrue or not. (Page 208.)

Appeal from Lawrence Circuit Court, Eastern District; *R. E. Jeffery,* Judge; reversed.

*David C. Finley* and *Smith & Blackford,* for appellant.

1. The compromise and settlement, and release executed by appellee, is a bar to this action. 75 Ark. 354; 62 Ark. 342; 43 Conn. 455. If appellee's complaint is sufficient to state a case of fraud, which is not conceded, the testimony fails to meet the burden imposed upon her to prove the allegations of fraud, or to overcome the rule that fraud will not be presumed. 77 Ark. 351; 92 Ark. 509; *Id.* 378; 5 Ark. 345; 18 Ark. 123; 20 Cyc. 108 (J); *Id.* 32 (5); 16 Cyc. 937; 32 Ark. 338; 130 Wis. 485; 128 S. W. (Ark.) 859.

2. The fact that the insured died of a chronic disease within twelve months from the date of the certificate voided his certificate. Appellee waived the right to object to appellant's offered proof that insured died of consumption, as being privileged communications, by the allegations of her complaint. Wigmore on Ev., § 2389.

*W. E. Beloate,* for appellee.

1. The question of fraud was one of fact to be submitted to the jury under proper instructions. The jury were, by the instructions, required to find this fact, before they could find for the plaintiff, and the evidence is sufficient to sustain the verdict. 83 Ark. 580.

2. There is no evidence showing the falsity of any statement made by McCall in his examination, no testimony that

the application was the one made out by him, or that he ever saw it, or that the signature thereto was his signature, or that he had chronic consumption.

3.  The evidence of Doctors Pringle and Thomas was not admissible.  136 S. W. (Ark.) 651.  If McCall made false statements about his condition and the medical examiner could by examination or looking at the man know that he had consumption or other disease that would unfit him for life insurance, appellant is bound by this knowledge.  71 Ark. 297; 81 Ark. 206.

FRAUENTHAL, J.  This is an action brought by appellee to recover upon a certificate of insurance issued by appellant upon the life of her husband.  In the complaint it is alleged that appellant is a fraternal benefit association, and had issued the certificate on February 26, 1909, by which it promised to pay to her as beneficiary the sum of $1,500 on the death of her husband, and that her husband had died on February 22, 1910, a member in good standing of said association.  It was further alleged that a short time after her husband's death the appellant by false and fraudulent representations induced her to accept the sum of $138.45 in settlement of said insurance, and to execute a release therefor.  She asked that appellant be credited with the said payment, and sought judgment for the balance of the amount named in the certificate.

The appellant admitted the execution of said certificate, but alleged that it was payable in annual installments of $150 each.  It resisted recovery on the grounds (1) that the insured had executed a written application for the insurance wherein he had made certain false statements relative to his health, the truth of which was expressly warranted by him therein; (2) that, according to the by-laws of the association, which were a part of the insurance contract, it was provided that, should a member die as a result of a chronic disease within twelve months from the date of said certificate, the contract of insurance should become null and void; and it alleged that the insured had died within said twelve months from consumption, which is a chronic disease.  It also alleged that, by way of compromise, it had paid to appellee $138.45 in full settlement of her claim, and obtained from her a release of the association from all further liability; it denied that she was induced to settle the claim or execute the release by reason of any false

or fraudulent representation.  The trial resulted in a verdict in favor of appellee.

The appellant assigns a number of grounds why the judgment should be reversed, amongst which are the alleged errors committed by the lower court in its refusal to admit certain testimony and in its rulings upon certain instructions given and refused.

In its answer, the appellant referred to and attached thereto as an exhibit a written application, which it alleged had been signed by the insured, and was the basis of the issuance of the certificate.  In this alleged application, certain questions were propounded to and answered by the insured relative to his health, the truth of which was warranted by him therein. Amongst these was one asking whether he had ever had consumption, to which the answer was, "No."  Upon the trial of the case, however, this alleged application was never offered or introduced in evidence, and does not appear in the bill of exceptions.  The falsity of the alleged warranted answers of the insured was a matter of defense, which was pleaded in the answer; and to put same in issue it was not incumbent upon appellee to deny that said answers in the alleged application had been made by the insured, or to deny their falsity if so made.  A reply is not provided for by our code of pleading except where allegations of a counterclaim or set-off are made in the answer.  Kirby's Digest, § 6108.  It devolved upon appellant, therefore, to prove the execution of the application by the insured, and that he had made the answers therein set out, as well as their falsity.  The exhibit to the answer of the alleged application was no proof thereof.  The application, after proof of its execution, should have been introduced in evidence upon the trial of the case and made a part of the bill of exceptions, in order for it to be considered upon appeal.

The appellant introduced in evidence certain by-laws of the association, amongst wh ch was one providing that, "should a member die or become permanently and totally disabled as a result of an hereditary or chronic disease within twelve months from the date of his or her certificate, * * * then and in such case his or her beneficiary certificate shall become null and void and of no effect, and no person shall be entitled to receive any benefits thereunder, and all liability of this association shall cease."  The appellant introduced evi-

dence tending to show that consumption was such a chronic disease, and that the insured had died within twelve months from the date of the issuance of the benefit certificate. Thereupon, the appellant offered in evidence the written death claim alleged to have been made and signed by the appellee, and written proofs of death made by two physicians, which it claimed were furnished to it in pursuance of one of its by-laws, and that in said documents it was stated that the insured had died from consumption. But the court refused to permit the introduction of said documents. In the bill of exceptions it appears that two physicians were introduced as witnesses, and upon their examination they stated that they had signed these proofs of death, and the court refused to permit same to be introduced in evidence. Whereupon the bill of exceptions proceeds to recite that counsel for the appellant offered same in evidence, and asked that they be marked Exhibits B and C, respectively. Counsel also offered to introduce in evidence said death claim, and, the request being refused, they asked that it be marked Exhibit A. But said proofs of death and said death claim are not copied in the bill of exceptions, and no direction therein is made to the clerk to copy and incorporate them therein. There are attached to the transcript what purport to be copies of these documents; but they are not signed nor certified to by any official. The bill of exceptions, over the signed certificate of the trial judge, "must contain or in some manner call for and specifically identify the evidence that was introduced," and also state that it was offered and refused, in order to authorize this court to consider it. In order to make a paper or document which has been introduced or offered in evidence a part of the bill of exceptions, it should be copied or incorporated in the body of the bill at the time it is signed by the trial judge. If this is not done, then at the time the bill is signed it must be identified therein by number, mark or other means and with the direction in the bill that it be copied therein. *St. Louis, I. M. & S. Ry. Co.* v. *Godby,* 45 Ark. 485; *Lesser* v. *Banks,* 46 Ark. 482; *Dozier* v. *Grayson-McLeod Lumber Co.,* 100 Ark 244; *International Order of Twelve, etc.,* v. *Jackson,* 101 Ark 555.

It follows that the alleged written proofs of death and the death claim, and the rulings made by the court below

relative to the admissibility thereof in evidence, can not be considered upon this appeal.

Upon the third trial of the case the appellant introduced as a witness Dr. J. E. Pringle, who testified that he had attended ·the insured before and at the time of his death as his family physician. He stated that he knew the cause of his death, but that he had acquired this information while attending the insured as his physician in a professional character. He was asked to state from what disease the plaintiff's deceased husband died, and also whether he had died from consumption. The witness stated that he had obtained the information while attending and treating the deceased as his physician, and, objection being made by appellee to his giving such testimony, the court refused to permit him to answer the questions. · This ruling was made upon the ground that the testimony of this attending physician was privileged by virtue of section 3098 of Kirby's Digest. This statute accords the privilege to a patient of objecting to disclosures of matters communicated to or information obtained by a physician as such, and this privilege does not cease with the death of the patient. But this privilege may be waived by the patient himself and after his death by his representative; and so, too, where one occupies a relation to the deceased by reason of a contract, such as is involved in this case, wherein he is made the beneficiary of a life insurance policy, he has by virtue of this statute a right to object to testimony relative to the communications therein named as privileged, and he has also the right to waive this privilege conferred by it. 4 Wigmore on Evidence, § 2387; *Penn Mut. Life Ins. Co.* v. *Wiler*, 100 Ind. 92.

A person may also in his written application for insurance waive the right to object to the testimony of a physician as to information acquired while attending him as such. In the case of *Adreveno* v. *Mutual Reserve Fund Life Association*, 34 Fed. 870, Judge Thayer, in passing upon a statute in every essential similar to section 3098 of Kirby's Digest, said: "As the patient is at liberty to waive the privilege which the law affords him, it appears to me it is immaterial whether the patient waives the privilege by calling the physician to testify in his behalf or whether he waives it, as in this case, by a clause contained in the contract on which the suit is brought; and if the patient himself waives the privilege by a clause contained

in the contract, that waiver, in my judgment, is binding on any one who claims under the contract, whether it be the patient himself or his representative. The result is that, inasmuch as the assured by this application waived the privilege which the statute confers upon him, the father, for whose benefit the policy is issued, and who is now suing on the contract, is bound by that waiver." See also *Fuller* v. *K. of P.,* 129 N. C. 318; *Grand Rapids & Ind. Rd. Co.* v. *Martin,* 41 Mich. 667; *Foley* v. *Royal Arcanum,* 151 N. Y. 196.

In the case of *Missouri & N. Ark. Rd. Co.* v. *Daniels,* 98 Ark. 352, we held that this enactment preventing the introduction of evidence of these privileged communications was for the benefit of the patient, and by him could be waived, and was waived by calling the physician as a witness. We also held that when the privilege is thus waived as to any particular witness, the opposing side is entitled to obtain the benefit of the physician's testimony and the testimony of all those present upon the same occasion. Now, in the case at bar, appellee admitted the receipt of the money paid to her by appellant in settlement of all claim growing out of this insurance and the execution of such release; but she endeavored to avoid the effect of the release by claiming that it was obtained by false and fraudulent representations. These alleged false representations consisted in telling her that her husband had died from consumption within twelve months from the date of the certificate, and that there was a by-law of the association avoiding the insurance upon that account. The undisputed testimony shows that there was a by-law of the association to that effect, and it is not claimed that this representation was false. The only representation made to her, then, that could be false was the statement that her husband had died from consumption. The appellee testified that the appellant's adjuster stated to her that her husband had died from consumption, and then brought to her Doctor Pringle, who was the attending physician at the insured's death, and that he made the same statement and advised her to accept the settlement. Any statement which was made by the adjuster relative to the cause of her husband's death did not induce the appellee to execute the release because she herself had equal if not better knowledge than the adjuster relative to that matter; and she testified that she did not make the settlement or give the

release until Doctor Pringle, her family physician, made the statement relative to the cause of her husband's death and advised her to accept the settlement. *Francis* v. *St. Louis, I. M. & S. Ry. Co.,* 102 Ark. 616.

It follows, therefore, that in order to avoid the release the representation made by Doctor Pringle must have been false. It was incumbent upon appellee to prove the falsity of this statement. The appellee, therefore, has herself put in issue the question as to whether or not her husband died from consumption, and has necessitated the introduction of the testimony of this physician relative to the disease from which her husband died. When she introduced testimony as to the occasion of her husband's death, she waived the privilege as to disclosures made at that time from which the physician obtained his information or knowledge of the cause of the insured's death, and thereby gave to the opposing side the right to the benefit of her waiver as to such disclosures. The appellee has herself made competent the testimony of this attending physician by claiming that it was upon his statement that she acted in executing the release, the effect of which she seeks to avoid by reason of the claim that this statement was false. She has therefore required the disclosure by this witness of the cause of her husband's death, and has thereby waived the privilege to object thereto, and her adversary is entitled to the benefit of that waiver. We are of the opinion, therefore, that under the circumstances of this case said physician was competent to testify as to the cause of her husband's death, and that the court erred in refusing to permit the introduction of that testimony.

There are other assignments of error made by counsel for appellant why the judgment should be reversed. These refer to the rulings of the court relative to certain instructions given and refused, which are based upon the alleged answers made by the insured, his warranty of the truth thereof and the waiver contained in the above documents, which were offered in evidence and held inadmissible. These documents have not been incorporated in the bill of exceptions, and the rulings of the court relative thereto and as to any instructions based thereon are not properly before this court for consideration. Inasmuch, however, as this case must be remanded for another trial, we deem it proper to say that if the insured in his written applica-

tion for insurance warranted the truth of the answers made by him therein relative to his health, and same were untrue as to some disease he had which was material to the risk, then this constituted a breach of such warranty, whether the insured knew the answers to be untrue or not. *Providence Life Assurance Society* v. *Reutlinger,* 58 Ark. 528; *Mutual Reserve Fund L. Association* v. *Cotter,* 72 Ark. 620; *Franklin Life Ins. Co.* v. *American Nat. Bank,* 74 Ark. 1.

It is claimed in the brief filed on behalf of appellant that in the written application signed by him the insured expressly agreed that any physician who had attended or might thereafter attend on him could testify in any court regarding his health, and any communication made by him to the physician, as fully as if no legal restriction existed. As above stated, a person may in his written application for insurance expressly waive the right to object to the evidence of the physician relative to matters and information obtained by him while attending the patient in the character of a physician. If such written waiver was made by the insured in said application, the testimony of the physician attending him before and at the time of his death was thereby made competent and admissible.

For the error in refusing to permit the physician to state from what disease the insured died, the judgment is reversed, and this case is remanded for a new trial.