HOME PROTECTIVE ASSOCIATION *v*. MORSE.

Opinion delivered March 29, 1920.

INSURANCE—BREACH OF WARRANTY—BURDEN OF PROOF.—Where a benefit society, sued upon a certificate of insurance, relies as a defense upon the fact that the insured had represented his age to be 58 in his application, when it was 68, and that by the constitution and by-laws the statement as to his age in the application was made a warranty, it was incumbent on the defendant to prove the constitution, by-laws and application containing the provisions relied upon as a defense.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*John Mays,* for appellant.

The policy was void as the deceased misrepresented his age. The constitution and by-laws of the order were part of the contract. 105 Ark. 140; 81 *Id.* 512; 98 *Id.* 538; 104 *Id.* 538. The representation as to his age was a warranty. 58 Ark. 532. If false they avoid the policy. 121 Ark. 185.

A verdict should have been directed for appellant.

*E. D. Chastain,* for appellee.

1.ᐧ The verdict will not be disturbed when there is circumstantial evidence to support it. 126 Ark. 300. The instructions were most favorable to the appellant.

2. The burden was on appellant to establish the falsity of the statement of the deceased. 103 Ark. 201.

HUMPHREYS, J. Appellee instituted suit against appellant, a fraternal insurance order, in the Crawford Circuit Court, to recover $637.50, a 12 per cent. penalty, and an attorney's fee, on a certificate of insurance No. 662, Roll No. 2, on the life of her husband, in which she was named as beneficiary. It was alleged in the complaint that, during the life of the policy her husband, the insured, died, and that, although all requirements of the policy had been complied with and proof of death made, appellant had failed to pay the amount due her on the policy.

Appellant answered, admitting the execution of the policy, the payment by the insured of all assessments thereon, the death and proof of death of the insured and the demand for and refusal of payment of the amount claimed under the terms of the policy; but interposed, as defense to the claim, first, fraud of the insured in the procurement of the policy by representing his age to be fifty-eight when in fact he was sixty-eight years old; second, the warranty of the insured in his application for insurance that he was not over sixty years old, and eligible for membership under the constitution and by-laws of the association which prohibited persons over that age from joining the order.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment against appellee for $637.50. From the judgment an appeal has been duly prosecuted to this court.

Appellant insists that the court submitted the case upon the sole issue of whether or not the policy was obtained by the insured through a misrepresentation of his age and committed reversible error in withdrawing the other issue—that of warranty of age—from the consideration of the jury. It was alleged as a matter of defense in the answer that the constitution and by-laws of the fraternal order expressly provided that no person over sixty years of age was eligible for membership therein, and that the application signed by the insured

to obtain the certificate of insurance, made the basis of this action, provided that the answer to the query therein as to the age of the applicant was a warranty. The evidence abstracted revealed that the insured was more than sixty years of age at the time he applied for the certificate of insurance. The constitution and by-laws of the order and the application for insurance, signed by the insured, were not introduced in evidence and do not appear in the abstract of the bill of exceptions. Learned counsel for appellant asserts that appellee admits that a party over sixty years of age is not eligible to membership in said insurance company and that the statements as to the application were made warranties by the contract. We find no such admission in the record. We presume the admission grows out of the inference that it was necessary for appellee to file a reply denying these allegations in the answer. It was not necessary to file a reply to the answer in order to put the allegations thereof in issue. A reply is only necessary under our code where the allegations in the answer are in the nature of a counterclaim or set-off. Kirby's Digest, § 6108. In addition to tendering the issue in the answer, appellant should have introduced, and it was incumbent upon him to introduce, in evidence the constitution, by-laws and application containing the provisions relied upon as a defense. Not having done so, there was no evidence upon which to send the issue to the jury as to whether the answer to the query as to the age constituted a warranty. This court said, in the case of *National Annuity Association* v. *McCall,* 103 Ark. 201 (quoting syllabus 1) that, "Where an insurance company, being sued on a policy of insurance, relied on the falsity of certain answers in the application for insurance, the burden is upon it to prove the execution of the application by the insured, and that he had made the answers as alleged, as well as their falsity."

No error appearing, the judgment is affirmed.