TRAVELERS' BUILDING & LOAN ASSOCIATION *v.* HAWKINS.

Opinion delivered January 19, 1931.

G. O. *Patterson* and *Rose, Hemingway, Cantrell &
Loughborough,* for appellant.

*Reynolds & Maze,* for appellee.

McHANEY, J. On May 30, 1928, the appellees, being
directors of the First National Bank of Clarksville, Ark-
ansas, in order to retain the deposit of appellant in said
bank, executed and delivered to it their joint and several
obligation or bond, guaranteeing that said bank would
"at all times" pay on the order of appellant's agent,
Thompson-Sharyer Company, any and all sums on de-
posit therein. On November 9, 1929, appellant's said
agent drew a check on said bank for the balance of its
account, approximately $2,700, and either that day or
some two or three days later mailed it to appellant at
Little Rock. The account was in appellant's name, the
check was drawn by it, or in its name by its agent, and all
business with said bank was transacted in its name. The
check was deposited by appellant to its credit in a Little
Rock bank on the morning of November 15, 1929, and
shortly thereafter, on the same date, it received informa-
tion by wire that the Clarksville bank was closed, and the
check was returned to appellant unpaid. Thereafter
payment was demanded of appellees, which they refused,
and this suit followed. They defended on the ground that
appellant had failed to deposit the check in its bank in

Little Rock for collection within a reasonable time after its receipt, and that the loss it sustained was therefore caused by its own negligence. They further alleged that, if the check had been deposited and presented for collection in due course, it would have been paid. Appellee McWilliams further defended on the ground of his mental incapacity to make a contract—that he was *non compos*—and that he was therefore not bound on the bond. At the conclusion of the testimony, appellant requested a directed verdict against all appellees, except McWilliams, which the court refused, and submitted the case to the jury on appellees' defense of negligence in depositing the check, stating, in instruction No. 1: "And the principal question that you will have to determine in this case is whether or not the failure of the plaintiff, if they did fail, to use due diligence in cashing the check of Thompson-Sharyer Company sent to them, in apt time, or in reasonable time. If they were negligent in that respect and their failure to use due diligence in depositing the check was the cause of the loss here, then your verdict should be for the defendants. The burden is upon the defendants to establish that fact." Appellant objected and excepted to this instruction. From a judgment on verdict for appellees this appeal is prosecuted.

The court erred in refusing appellant's request for a directed verdict against all appellees, except McWilliams, and in giving the instruction above quoted. The court and appellees were under the mistaken belief that there was a duty resting on appellant to deposit the check within a reasonable time. There is such a rule as between drawer and drawee, else the drawee sustains all loss caused by the delay. Such a section may be found in our Negotiable Instruments Act (§ 7952, C. & M. Digest) as follows: "A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." Here, however, the drawer and the drawee are one and the same person.

Appellant was simply taking the money out of one pocket to put it in another. If the money had been on deposit in the name of appellant's agents, and they had drawn a check against their own account in appellant's favor, then in an action by appellant against the agents under the facts presented by this case there might have been occasion to submit the question of appellant's negligence in presenting the check for payment to the jury. But we have no such case. By accepting the deposit, the First National Bank agreed to pay the checks of appellant, drawn against said account, and signed by its agent, in Clarksville, on demand. The bond executed by appellees guaranteed that the bank would do this "at all times." The fact that appellee failed to present the check for payment in a reasonable time (assuming it to be a fact) did not relieve the bank of its obligation to pay on demand, nor did it discharge the bank's bondsmen after insolvency of the bank, because they agreed and bound themselves that it should do so "at all times."

It necessarily follows that a directed verdict should have gone against all appellees, except McWilliams, and judgment will be entered here for the amount of the check, $2,618.77, with interest at 6 per cent. from November 15, 1929. As to appellee, McWilliams, the judgment will be reversed and the cause remanded for a new trial, with directions to submit to the jury only the question of his mental capacity at the time of signing the bond. The court correctly submitted this question to the jury in instruction No. 2 requested by appellant, but the court did not require the jury to make a separate finding as to his mental capacity, and we cannot determine from a general verdict for all appellees what they based it on as to McWilliams.

Other questions are discussed in appellant's brief. The question regarding the disqualification of the juror, Dickinson, will not arise again on another trial and need not be decided. Appellee, McWilliams, having the burden to prove his incompetency, will be entitled to open and

close the case. Relative to the cross-examination of Dr. R. N. Manley, we think the court erred in refusing to permit counsel for appellant to cross-examine the doctor, in the manner sought, as the testimony was both relevant and competent. By putting the doctor on the stand as a witness to testify regarding appellant's mental condition, the statutory privilege extended to physicians by § 4149, C. & M. Digest, is waived. *M. & N. A. Railroad Co.* v. *Daniels*, 98 Ark. 352, 136 S. W. 651; *National Annuity Assn.* v. *McCall*, 103 Ark. 201, 146 S. W. 125.