EMMA COTTON SEED OIL CO. *v.* HALE.

Opinion delivered May 21, 1892.

*Master and servant—Risks of employment.*

> While a servant assumes the ordinary risks only of his employ-
> ment, and the master assumes the duty of furnishing safe
> appliances, still if a servant, having sufficient intelligence to
> appreciate the dangers to which he will be exposed, knowingly
> consents to occupy a place set apart to him, he assumes the
> risks incident thereto, and dispenses with the obligation of the
> master to furnish him with a better place; but if, by reason of
> youth and inexperience, he is not acquainted with the dangers
> incident to the work or to the place which he is engaged to
> occupy, he does not assume the risks of his employment, and
> the master will be held to indemnify him against the conse-
> quences of his failure to give him proper instruction.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

*N. T. White* for appellant.

1. In the first three instructions given for appellee,
the court told the jury, in effect, that the law imposes
upon an employer the duty of exercising reasonable care
and prudence to *protect* its employers and to provide a
reasonably safe place and maintain reasonable safeguards
against accidents. They are not the law. 48 Ark. 346;
35 *id.* 602; 41 *id.* 382; 39 *id.* 17; Wood's Master and
Servant, secs. 335-372. When an employee, after hav-
ing the opportunity of becoming acquainted with the
risks of his situation, accepts them, he cannot complain if
subsequently injured by exposure. He must use his eyes
to see what is open and apparent, and if he fails, he can-
not recover. 48 Ark. 346; 2 A. and E. Ry. Cases, 144.
The rule applies with equal force to minors. 39 Ark.
17; 27 Ill. 498; 90 Ill. 333; 28 Ind. 28, 371; 9 Cush.

(Mass.) 112; 49 Mich. 466; 55 *ib.* 120; 1 Cold. (Tenn.) 611.

2. Whether Hale was of sufficient mental capacity to fully comprehend the danger should have been submitted to the jury under proper instructions.

3. Proprietors of manufacturing establishments are charged with the duty of providing their employees with a suitable place in which their work may be performed with a reasonable degree of safety to them. Ordinary care in this regard is all that is required of the master. He is not an insurer against injuries, and is chargeable only when negligence can be imputed to him. 62 Barb. (N. Y.) 218; 25 N. Y. 562; 68 Ill. 545; 31 Ind. 174; 102 Mass. 572; 10 Gray (Mass.) 274; 10 Allen (Mass.), 233.

4. The use of the box was one of the risks assumed by appellee. He made no objections, and continued in the employment. If the child's own act is the direct cause of the injury, while the negligence of the defendant is only such as to expose him to the possibility of injury, the child cannot recover. S. and R. on Neg. 49 and note 2; 58 Me. 384; Whart. on Neg. sec. 311, note 1; 8 Gray, 123; 9 Allen, 401; 4 *id.* 283; 29 Barb. 234; 43 How. Pr. 333; 26 Ill. 259; 42 Ill. 174; 27 Ind. 513; 40 Ind. 545. An infant 14 years of age is presumed to have sufficient capacity to be sensible of danger and to have power to avoid it; and this presumption stands unless overthrown by proof. 88 Pa. St. 35; 12 Rep. (Ala.) 69; 18 N. Y. 248. Defendant cannot be held liable for not having adopted special precautionary measures for his protection. 51 Md. 47; Wharton, Neg. secs. 214, 217; 20 Am. L. Reg. 732; 11 Rep. 754; 29 Conn. 549; 5 Oh. St. 541.

*Austin & Taylor* for appellee.

1. The first three instructions for appellee, when taken together, clearly embody the law. 48 Ark. 345; 44 *id.* 300; 11 A. and E. Cas. 175; *ib.* 190; *ib.* 199, 201; 15 *id.* 247; *ib.* 271; 135 Mass. 575; Pierce on Railroads,

370 ; 100 U. S. 213. The master assumes the duty of exercising reasonable care and diligence to furnish the servant with a reasonably safe place to work, and when the service required is of a peculiarly dangerous character, it is the duty of the master to make reasonable provision to protect him from dangers to which he is exposed while in the discharge of his duty. 31 Kas. 586; 16 Lea, 391; 14 A. and E. Enc. of Law, 902 and cases ; 14 S. W. Rep. (Ark.) 653 ; 44 Ark. 529; 110 Mass. 260; 42 N. H. 245, 260; 42 Ala. 672; 35 Ark. 602; 32 Vt. 473. The master may not be able to perform this duty in person, but he must see that it is done. The law casts on him certain duties, and if he deputes their performance to another, as to these duties the one so deputed is not a fellow-servant, but stands in the master's place, and his negligence binds the employer. 44 Ark. 529–30; 38 Wis. 289; 1 Cold. (Tenn.), 611. A servant may rely upon his master furnishing safe machinery and appliances, and in the absence of notice is under no primary obligation to investigate and test it. 23 N. E. Rep. 1021; 48 Ark. 347; 33 Mich. 133; 29 Minn. 137; Wood, M. & S. sec. 396.

2. One whose duty it is to perform the master's duties is not a fellow-servant. 39 Ark. 28; 7 A. & E. Enc. Law, 824; 18 So. Car. 262; 1 N. Y. 516; 84 N. Y. 77; 15 A. & E. R. Cas. 323.

3. The rule that an employee assumes the risks, etc., does not apply to a young person quite inexperienced in the use of dangerous machinery. It is the duty of the master to fully inform him and caution him as to the danger. 3 F. & Fin. 662 ; 51 N. J. Law, 507; Cooley on Torts, 553; Wharton, Neg. sec. 216; 17 Wall. 553.

4. As to contributory negligence and the care and caution required of a child, see Sh. & Redf. Neg. sec. 28; 17 Wall. 660; 120 N. Y. 526; 39 Ark. 526; 48 Ark. 347; 84 Ala. 133. If, by reason of youth and inexperi-

ence, appellee did not appreciate the danger of his position, the knowledge will not defeat his right to recover. 13 S. W. Rep. 801.   See also 46 Ark. 396 ; 66 Wis. 268 ; 35 Minn. 45 ; 38 Mo. App. 221 ; 32 Minn. 230 ; 17 Wall. 657 ; 43 N. W. Rep. 1135.

BATTLE, J.   John F. Hale, a minor, by his next friend, sued the Emma Cotton Seed Oil Company for damages sustained by him while in the company's employ. Evidence was adduced by him at the trial in the action which tended to prove the following facts :

Hale was born in March, 1875.   Before he was fourteen years of age he was employed by the Emma Cotton Seed Oil Company to feed a " cake crusher " in its mill. The " cake crusher " which he was required to feed had three cast rollers about ten or twelve inches in diameter and eighteen inches long, and two were placed above the other, and were set as close to each other as they could be to work, and were geared together.   The rollers had large teeth in them, and were so arranged that when the cake came between them they broke it up.   There was a hopper over and above the rollers.   It was about ten inches from the top of the hopper down to where the rollers came together, and about four feet and six inches from the floor to the top of the hopper.   The rollers were not enclosed.   Hale at first stood on the floor and threw the cakes into the hopper, and they passed between the rollers and were crushed.   Being too low on account of his height to do his work while standing on the floor, without unnecessary labor, a box two and a half feet long, eighteen inches wide and ten inches high, was placed upon a greasy and slick floor, without any fastening, in close proximity to and in front of the hopper, for him to stand on.   After this he stood on the box and threw the cakes into the hopper.   The cakes were brought to him on a truck.   One night, about the first of January, 1889, after he had been at work in the mill

at his employment for eight or ten days, when he was turning around to pick up a cake on the truck, the box upon which he was standing at the time slipped and threw him over, and as it did so he threw out his arm to catch, and in doing so threw one of his hands into the hopper, and it was caught by the rollers and crushed. Amputation became necessary, and the injured hand and a part of his arm were taken off.

Upon this evidence the court gave to the jury, over the objections of the defendant, the following instructions :

"When the defendant employed the said Hale and put him to work to feed the crusher, it assumed the duty of providing him with a reasonably safe place to work, and with reasonable safeguards against danger, so as not to increase any danger attendant upon such work. The said Hale assumed the ordinary risk incident to the employment, but did not assume any risk that might result from the negligence of the defendant in not providing a reasonably safe place for such work, and maintaining reasonable safeguards.

"2. When the employment is hazardous, the employer assumes the duty of exercising reasonable care and prudence to protect the servant he employs, and to provide a reasonably safe place, and to maintain, at all times, for such employee, reasonable safeguards against accident while so engaged.

"3. You are further instructed that the standard of ordinary care varies with age and capacity, and if the jury believe that at the time of the accident in question the plaintiff, John F. Hale, was in the exercise of that ordinary care and caution reasonably to be expected of one of the age and capacity of said Hale under all the circumstances of the case, that the injury complained of resulted from the negligence of the defendant in not providing him with a reasonably safe place and appli-

ances at which he worked, then the plaintiff is entitled to recover in this action."

Other instructions were given.

The jury returned a verdict in favor of the plaintiff against the defendant for $4000. Judgment was rendered accordingly, and the defendant appealed.

The instructions which were given over the objections of the defendant are ambiguous and misleading. They may be reasonably interpreted to mean that a master is bound to furnish his servant with a reasonably safe place in which to work and with safeguards against accidents. This is not the law.

It is well settled that when one enters the service of another, he takes upon himself the ordinary risks of the employment in which he engages. On the other hand, the employer takes upon himself an implied obligation to provide the person employed with suitable instruments and means with which to do his work, and to provide a suitable place in which such person, when exercising due care himself, can perform his duty safely or without exposure to dangers that do not come within the obvious scope of his employment. But the servant can dispense with this obligation. If, having sufficient intelligence and knowledge to enable him to see and appreciate the dangers to which he will be exposed, he knowingly assents to occupy a place set apart to him by the master and does so, he thereby assumes the risks incident thereto, and dispenses with the obligation of the master to furnish him with a better place. It is then no longer a question whether such place could not with reasonable care and diligence be made safe. Having voluntarily accepted the place occupied by him, he cannot hold the master liable for injuries received by him because the place was not safe. *L. R., M. R. & T. Ry.* v. *Leverett*, 48 Ark. 346 ; *Davis* v. *Railway*, 53 Ark. 117 ; *Fones* v. *Phillips*, 39 Ark. 17 ; *Coombs* v. *New Bed-*

*ford Cordage Co.* 102 Mass. 572; *Sullivan* v. *India Man'f'g Co.*, 113 Mass. 396.

If, however, the servant, by reason of his youth and inexperience, is not aware of or does not appreciate the danger incident to the work he is employed to do or to the place he is engaged to occupy, he does not assume the risks of his employment until the master apprises him of the dangers. It would be a breach of duty on the part of the master to expose a servant of this character, even with his consent, to such dangers, without first giving him such instructions and caution as would, in the judgment of men of ordinary minds, understanding and prudence, be sufficient to enable him to appreciate the dangers, and the necessity for the exercise of due care and caution, and to do the work safely, with proper care on his part. For a breach of his duty the master is bound to indemnify such servant against the consequences. He cannot escape this liability by delegating the duty to instruct or inform to another person. But if such servant receives the information and caution from any source, and accepts the place and undertakes the work, he assumes the risks ordinarily incident thereto, and cannot thereafter recover for injuries because the place was not safe. As to such work or place and its dangers, he would then be placed on the footing of an adult, and could not, on account of infancy, be relieved of the consequences of such risks. *Davis* v. *Railway*, 53 Ark. 117; *Fones* v. *Phillips*, 39 Ark. 17; *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572; *Sullivan* v. *India Man'f'g Co.* 113 Mass. 396; *Dowling* v. *Allen*, 74 Mo. 13; note to *Hickey* v. *Taaffe*, 26 Am. Law. Reg. 736. Wood on Master and Servant, secs. 350, 351.

It appears that the injury received, in this case, by Hale was caused by the box turning or slipping while he was standing on it and feeding the "cake crusher." Whether he knew or ought to have known what caution

or care was necessary for him to use while standing on the box performing his work, in order to avoid the injuries that he received, or appreciated the danger of the failure to use such caution, or had received the necessary instruction and warning before the injury, is a question for the jury.

Reversed and remanded for a new trial.

Hemingway, J., did not sit in this case.