## WYANDOTTE & SOUTHEASTERN RAILWAY COMPANY *v.* WILSON.

### Opinion delivered June 8, 1914.

1. MASTER AND SERVANT—INJURY TO SERVANT—ASSUMPTION OF RISK.—Plaintiff, an employee of a railroad company, was injured while unloading ties from a moving train by reason of a tie striking a tree a few feet from the car and bounding back and injuring him; *held,* plaintiff assumed the risk of injury, if the danger was so obvious that he had no right to rely on the assumption that he could safely unload the ties in the manner in which he was doing, without devoting attention to his surroundings and the proximity of the trees.   (Page 362.)

2. MASTER AND SERVANT—ASSUMED RISK.—A servant has the right to assume that he may safely obey the master's directions in the performance of his duties, and he is not bound to inspect the place where he is working to see if it is safe, nor to experiment to ascertain if the master has adopted a safe method for doing his work.   (Page 362.)

3. MASTER AND SERVANT—ASSUMED RISK.—Where a servant is directed to perform a dangerous employment, but realizes before he enters upon it that it is dangerous, and appreciates the danger, then he will be held to have assumed the risk, but if the danger of obeying his master's command is not open and patent, then he can not be held to have assumed a risk which he did not appreciate, and of which he had no knowledge.   (Page 363.)

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; reversed.

#### STATEMENT BY THE COURT.

Appellee was the plaintiff in the trial below, and alleged in his complaint that he was on one of appellant's railroad cars, assisting in distributing ties along its tracks, for the purpose of repairing the tracks, and was working with one of appellant's other servants in

the performance of that duty; that appellant had negligently so constructed the track as to leave a number of trees standing near the track, some of them being within three feet, and that while appellee was so engaged and working with his back toward the engine and toward the direction in which the train was going, throwing ties from the car, which was being run at about the rate of fifteen miles per hour, and that while appellee could not see in front of him, and did not know the condition of the track and the proximity of the trees thereto, and unaware of the danger of throwing the ties from the train, and while appellant was aware of these conditions, the end of one of the ties which was thrown from the car struck against a tree, which was about three feet from the track; that the running of the train at the time the tie was thrown caused the other end of the tie to be thrown around against appellee, striking him in the stomach and side and knocking him a distance of about fifteen feet to the ground and inflicting serious injuries. It appears to be undisputed that appellee was injured in a manner substantially as alleged, except that the proof on the part of the appellant shows that the speed of the engine did not exceed three or four miles an hour.

Appellant alleged in its answer, and offered proof tending to show, that appellee's injury was caused by a negligent and inattentive discharge of his duties in failing to observe the tree before throwing off the ties, and that appellee was fully aware of the danger incident thereto. The proof shows that there were a number of trees near the track and that appellee had worked for appellant long enough to be thoroughly familiar with that fact. That the car from which the ties were being unloaded was in front of the engine, which was in charge of a Mr. Ray, who was the foreman, and directed the throwing off of the ties; and that if he wanted ties thrown off fast he would hold up his whole hand, and that if he wanted one tie thrown off he would hold up one finger and two fingers held up would indicate two ties to be thrown off, and so on. Appellee testified that he had re-

ceived a signal to throw off ties rapidly, and that he was doing so, with his back toward the direction in which the train was moving, and that while so employed the end of a tie hit a tree which was within a few feet of the track and injured him.

The instructions dealt chiefly with the question of the negligence of appellant in having trees standing in close proximity to the track, and with the question of the assumption of risk. Appellee recovered judgment for substantial damages, and this appeal is prosecuted from that judgment.

*H. T. Harrison* and *T. D. Wynne,* for appellant.

Appellee assumed the risk. 53 Ark. 117; 39 *Id.* 17; 90 *Id.* 407; 77 *Id.* 367; *Ib.* 458; 82 *Id.* 11; 41 *Id.* 542; 90 *Id.* 387; 109 Ark. 29.

*D. D. Glover,* for appellee.

Appellee was guilty of no negligence whatever, and did not assume the risk. 102 Ark. 640; 79 *Id.* 53; 87 *Id.* 396; 205 U. S. 1; 91 Ark. 337; 103 *Id.* 66; 95 *Id.* 291; 95 *Id.* 296; 77 *Id.* 376; Bailey on Personal Injury (2 ed.), 292-3; 78 Ark. 505; 6 Thompson on Neg., 4254, 4275-6.

SMITH, J., (after stating the facts). The evidence having shown clearly and without contradiction that appellee was familiar with the location of the trees, he must be held to have assumed the risk incident to their proximity; and in this view of the case it becomes immaterial whether appellant was guilty of negligence in so constructing its roadbed as to have the trees standing near thereto or not. In the case of *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232, it was said: "It is well settled that when one enters the service of another, he takes upon himself the ordinary risks of the employment in which he engages. On the other hand, the employer takes upon himself an implied obligation to provide the person employed with suitable instruments and means with which to do his work, and to provide a suitable place in which such person, when exercising due care himself, can perform his duties safely, or without exposure to

dangers that do not come within the obvious scope of his employment. But the servant can dispense with this obligation. If, having sufficient knowledge to enable him to see and appreciate the dangers to which he will be exposed, he knowingly assents to occupy a place set apart to him by the master and does so, he thereby assumes the risks incident thereto, and dispenses with the obligation of the master to furnish him with a better place. It is then no longer a question whether such place could not with reasonable care and diligence be made safe. Having voluntarily accepted the place occupied by him, he can not hold the master liable for injuries received. See *Davis* v. *Railway,* 53 Ark. 117; *Fones* v. *Phillips,* 39 Ark. 17.''

But appellee testified that his time was occupied and his attention engaged in discharging the directions given him by his foreman in unloading the ties, and that while so employed he could not observe his surroundings and was unaware of the presence of the tree against which he threw the tie that injured him. Appellant's proof was to the effect that the danger was open and obvious and would have been apparent to appellee but for his inattention to his surroundings and the negligent manner in which he discharged his duties. While this may have been the case, we can not say that the undisputed evidence shows that such was the fact. The servant has the right to assume that he may safely obey the master's directions in the performance of his duties, and he is not bound to inspect his place to see if it is safe, nor is he required to experiment to ascertain if the master has adopted a safe method of doing his work. Of course, if he is directed to perform a dangerous employment, but realizes before he enters upon it that it is dangerous, and appreciates the danger, then he is held to have assumed the risk; but if the danger of obeying the master's commands is not open and patent, then he can not be held to have assumed a risk which he did not appreciate, and of which he had no knowledge. It is not alleged that appellee was an inexperienced servant, and this case was

not tried upon the theory that there was any duty to instruct on that account.

Under the facts of this record appellee will be held· to have assumed the risk of injury if the jury shall find that the danger was so obvious that appellee had no right to rely on the assumption that he could safely unload the ties in the manner in which he was doing, without devoting attention to his surroundings and the proximity of the trees. If the jury shall find that the master's directions to throw off ties hurriedly carried with it the assurance, under the circumstances, that this might be safely done without giving attention to the proximity of the trees, then appellee did not assume the risk of injury therefrom; otherwise, he did. The negligence alleged in the complaint consisted in leaving standing trees near the track and the speed of the train in connection therewith; but proof was offered, without objection, showing that appellee had received orders to throw the ties from the train under the circumstances stated; and upon the remand of the cause he may, if he so elects, amend his complaint to allege negligence in that particular.

We have not discussed the instructions which were given or refused, as we have here stated our view of the law of the case, and upon the remand of the cause, which is here ordered, it will be submitted to the jury in accordance with the views here expressed.