FRANCIS *v.* ARKADELPHIA MILLING COMPANY.

Opinion delivered April 17, 1922.

1. MASTER AND SERVANT—NEGLIGENCE—PLEADING.—The allegation that personal injuries to an employee were caused by the employer's negligence in leaving sacks of feed stacked in such manner that they fell of their own weight included the employer's negligence in unstacking the sacks.

2. MASTER AND SERVANT—ASSUMED RISKS.—An employee of ordinary intelligence, experienced in the line of his duty and not working under the immediate direction of a superior, assumes the risk of dangers incident to conditions produced through the negligence of the employer which are obvious and imminent, and which he must have known and appreciated in the exercise of ordinary care for his own safety, in the performance of his duties.

3.  MASTER AND SERVANT—ASSUMED RISK.—An experienced employee, 20 years old, knowing of the dangerous condition of stacked sacks of feed which fell and caused his injuries, assumed the risk and cannot recover.

Appeal from Clark Circuit Court; *George R. Haynie,* Judge; affirmed.

*W. H. Mizell* and *Callaway & Callaway,* for appellant.

Plaintiff made out a case of negligence on the part of the defendant, and the matter should have been submitted to the jury for determination. 100 Ark. 53.

Plaintiff did not assume the risk of injury from the negligence of the master or his fellow workmen. 118 Ark. 49; 106 Ark. 25.

The doctrine of *res ipsa loquitur* applies. 29 Cyc. 591. While this doctrine is usually applied in the case of common carriers, it may apply with equal force as between master and servant. 105 S. W. 1057, 13 L. R. A. (N. S.) 140; 202 Ill. 144; 139 Ark. 489; 86 Ark. 76; Vol. 8 Encyc. of Evidence, p. 886.

*McMillan & McMillan* and *T. D. Wynne,* for appellee.

Appellant assumed the risk, and a verdict was properly directed. 89 Ark. 50; 76 Ark. 69; 97 Ark. 486; 95 Ark. 560; 100 Ark. 462.

There was no allegation of negligence in the complaint as to the taking down of the sacks, and proof directed to this issue could not avail plaintiff. 41 Ark. 394; 29 Ark. 500; 13 Ark. 88.

The defect, if any, was open and obvious. 90 Ark. 392.

HUMPHREYS, J.    Appellant instituted suit against appellee in the Clark Circuit Court to recover damages in the sum of $5,000 on account of personal injuries received from falling sacks of feedstuff in one of the rooms of appellee's grain elevator at Arkadelphia, through the alleged negligence of appellee in stacking the said feedstuff and leaving the same stacked to such height and in such manner as to cause same to fall from its own weight upon appellant while engaged in cleaning the floor of

said room, which work was in the line of his duty. Appellee filed an answer denying that it negligently stacked the feedstuff, or that it left same stacked in a negligent manner, and interposing the further defenses of assumed risk and contributory negligence by appellant. The cause was submitted upon the pleadings and evidence, at the conclusion of which the court peremptorily instructed a verdict for appellee, over the objection and exception of appellant. From the directed verdict, and the judgment rendered in accordance therewith, an appeal has been duly prosecuted to this court.

The evidence, stated in its most favorable view to appellant, was, in substance, as follows: Appellant, a man twenty years of age, was employed by appellee to truck sacks of feedstuff, which were stacked in warerooms at appellee's elevator in Arkadelphia, into cars on the outside of the building for the purpose of shipment, and also to clean up rice hulls which had been spilled on the floor in said rooms. He had nothing to do with taking the sacks down from the pile. This was done by another or other employees. After the sacks had been removed from the stack, appellant would assist in loading them on his truck and then push the load out to the car, and after unloading it would come back for another load. On the morning of the injury, which occurred about nine o'clock, after appellant had been engaged for an hour in trucking sacks of rice hulls out of the room in which the injury occurred, the foreman took him away from this work and sent him, for about 30 minutes, to another part of the mill. He was then sent back to the room to clean up the spilled rice hulls from the floor. While bent over, scooping up the hulls, several sacks fell off the pile and inflicted the injury complained of. In unstacking the piles the custom was to begin at the top and unstack them towards the bottom, leaving them in the shape of stairsteps. In this particular room, on this occasion, the stacks had been removed in such way as to leave those standing perpendicular. In fact, the stacks bulged out to some extent towards the top. At the time the injury

occurred appellant had been working for appellee in the same capacity for about three months, and was familiar with the manner of stacking and unstacking the sacks of feedstuff. He knew the manner in which the sacks should be removed from the stacks in the several warerooms, and the manner in which the stacks should be left when only a part of the sacks were removed. The stacks were open to the view of any one entering the several warerooms.

Appellant insists that under the allegation of the complaint and proof adduced a disputed question of fact as to whether appellee was negligent in stacking or unstacking the sacks was presented for determination by the jury. Appellee, on the other hand, contends that the only allegation of negligence in the complaint was that the sacks were negligently stacked, and that the undisputed proof shows that the sacks were properly stacked. The allegation in the complaint was broad enough not only to include negligent stacking, but also negligent unstacking of said sacks. Part of the allegation is that appellee left the stacks of sacks in such manner as to cause same to fall from their own weight. Upon the question of negligence on the part of appellee it was therefore improper to take the case from the jury, unless the undisputed evidence showed that appellant assumed the risk. Appellant insists that the court erred in holding that the undisputed facts showed that he had assumed the risk incident to falling sacks occasioned through the negligence of his employer, appellee. An employee of ordinary intelligence, experienced in the line of his duty, and not working under the immediate direction of a superior, assumes the risk of dangers incident to conditions produced through the negligence of his employer which are obvious and imminent and which he must necessarily have known and appreciated in the exercise of ordinary care for his own safety in the performance of his duties. *St. L. S. W. R. Co.* v. *Compton,* 135 Ark. 563; *Hunt* v. *Dell,* 147 Ark. 94; *Scott* v. *Wis-*

*consin & Ark. Lbr. Co.,* 148 Ark. 66; *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232.

The evidence reflects that appellee was familiar with the place where he was working, and that the condition in which the sacks were left through the negligence of the employees of appellee was obvious and imminent to any one working around the stacks of sacks. In fact, the danger was so patent and open that it might have been observed by casual observation. The stack as left was not only perpendicular, but it was leaning or bulging out at the top. The record does not indicate that appellant was too young or inexperienced to appreciate the dangers incident to the condition in which the stack was left after a part of the sacks had been removed. Appellant was 20 years of age at the time the injury occurred, and had been in the employ of appellee as a trucker for about three months, and understood how the foodstuff should be stacked and unstacked with a view to the safety of the employees. The condition complained of, which produced the injury, being perfectly obvious and of such simple character that one of ordinary intelligence and experience would necessarily have known and appreciated the dangers incident thereto, the court correctly declared, as a matter of law, that appellant assumed the risk.

No error appearing, the judgment is affirmed.