WESTERN UNION TELEGRAPH COMPANY *v.* PONDER.

4-5472                                              128 S. W. 2d 246

Opinion delivered May 8, 1939.

*Francis R. Stark* and *Kirsch & Cathey,* for appellant.

*W. J. Schoonover, Jno. P. Streepey* and *Walter L. Pope,* for appellees.

Holt, J.   On December 6, 1937, appellee, Mrs. M. C. Ponder, mother of DeWitt Henslee, and DeWitt Henslee by his mother as next friend, filed suits against appellant in the Randolph circuit court seeking to recover $3,000.00 damages in each suit.

The complaints upon which the actions were based alleged that during a part of 1935, all of 1936, and a part of 1937, Henslee, a minor, was employed by appellant in Little Rock and North Little as a messenger boy, and while in the course of his employment, about August 30, 1936, sustained personal injuries which were the basis for damages in both suits.

The grounds of negligence alleged in the complaints are that DeWitt Henslee was required by appellant to carry an excessive load of paint on the occasion in question and that by reason of the excessive load and the manner in which he was required to carry it, he suffered injuries.   Henslee died on February 10, 1938, and the suit brought by him was revived in the name of his mother, Mrs. M. C. Ponder, as special administratrix *ad litem* of his estate.

Appellant answered in each case with a general denial of all allegations therein and affirmatively pleaded assumed risk on the part of Henslee and that if he sustained any injury it was the result of violation of instructions.

The evidence stated in its most favorable light to appellees, is substantially as follows: Appellee, DeWitt Henslee, was born April 5, 1919, and began work for appellant on August 26, 1935.   He was injured about September 1, 1936, being at the time about the age of 17 years and five months and weighing 165 pounds and was about six feet tall.   His duties were that of a messenger boy for appellant and in addition he was re-

quired to deliver paint on call from Fulmer's store at 407 West 8th Street, Little Rock, to the Critz Chevrolet Company in North Little Rock. On the occasion of his alleged injury he was carrying a bag, supported by a strap that went over his shoulders and across the back of his neck with the contents or weight resting on his back. As to the articles carried at the time in question, Henslee testified a short time before his death by deposition as follows: "Q. What load were you carrying at that time? A. I was carrying two gallons of paint and two quarts and one half gallon, one pint." The evidence showed that these articles weighed not to exceed 36 pounds. Henslee in making the delivery of this paint testified that as he was climbing the grade of the Main Street Bridge he hunched his shoulders and something tore loose in his neck; that when he got back to the office there was a small knot on his neck; that there was no customary way of carrying the bag, but that he would carry it on his back to keep from falling or being pulled over; that all of the boys carried the bags on their backs; that he had instructions from appellant to hurry over and get the package no matter how much it was, to carry it on and deliver it; that the injury to his neck kept getting larger and it pained him in his head; that he bled 45 minutes in the nose one day; that it nearly burst his ear drums and finally caused a crossed eye; that he quit working a week before Mother's Day (May, 1937); that his suffering became so great that he sometimes would take as many as 200 aspirins a month; that his weight began going down so that in four or five months he had to quit; that he weighed 130 when he quit and at the time the deposition was taken he weighed 105 pounds.

There was evidence to the effect that 20 pounds was supposed to be the maximum load for a boy to carry on a bicycle. One witness testified that he never carried more than two gallons and two or three pints, which would weigh about 25 pounds.

Mr. Poindexter testified for appellant that he objected to the boys carrying the bags on their backs with

the straps over the neck and shoulders; that it was dangerous; that it would bind the neck and make it hard to hold and that the bag would shift one way or the other as he pedaled the bicycle.

There was medical testimony on the part of appellees to the effect that the alleged injury to young Henslee's neck was caused by the strap which bore the weight of the sack of paint on his back, and that it produced a malignant condition known as sarcoma which brought about his death.

The causes were consolidated for trial, submitted to a jury and verdicts returned for $1,000.00 in each case. From a judgment on these verdicts comes this appeal.

On this record appellant earnestly contends that there is no substantial evidence to establish negligence on the part of appellant or to establish any causal connection between any alleged negligence on the part of appellant and the physical condition of Henslee which could be the basis of damages in either case, and that, therefore, the trial court erred in refusing to direct a verdict in appellant's favor. We are of the view that the appellant is correct in this contention.

The undisputed testimony in this case shows that appellee, DeWitt Henslee, at the time of his alleged injury, was a boy over 17 years of age. He was in excellent health, weighed 165 pounds, was six feet tall and had been working for appellant almost constantly for more than a year prior to the date on which he claimed to have been injured. He was engaged at the time in the comparatively simple duty of carrying a package on his back weighing 36 pounds, on a bicycle, and as he was proceeding upgrade over the Main Street Bridge he felt the strap holding his pack press against and injure his neck.

Under these circumstances, what duty was there required of appellant that it failed to perform, and wherein was it guilty of negligence? What instructions should have appellant given Henslee that would have

made the performance of the simple task assigned any safer? This record shows that Henslee was thoroughly experienced in the duties assigned and we think no negligence has been shown. Having worked for appellant for more than a year he knew as much about the work and its performance, was as well qualified to perform it, and to appreciate its responsibilities and dangers as an adult, and no one could know better than he what weight he could safely carry, nor was he directed to carry all the paint on one trip. It was within his discretion to make more than one trip if he thought it necessary. See *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232, 19 S. W. 600. It is only where the servant by reason of his youth or inexperience in the work assigned, is not aware of, or doesn't appreciate the dangers incident to its performance that the duty rests upon the master to instruct and warn him of such dangers.

We think no negligence on the part of appellant has been shown in either of these cases and that the trial court erred in refusing to direct a verdict in favor of appellant at the close of all the evidence, and since the cases seem to have been fully developed the judgments are reversed and dismissed.

HUMPHREYS and MEHAFFY, JJ., dissent.